Daniel G. Albert, J.
In an action by three infant plaintiffs to recover damages for personal injuries allegedly sustained while they were riding as passengers in an automobile owned and operated by the defendant, their father, the plaintiffs move, pursuant to CPLR 3211 (subd. [b]), to dismiss four affirmative defenses asserted in the answer.
Three of the affirmative defenses are identical in substance and allege that the respective plaintiffs, both at the time of the happening of the accident and at the time the action was commenced, were unemancipated minor children of the defendant and, therefore, barred from bringing suit against him for a non-willful tort. The fourth affirmative defense, asserted against the causes of action of all three plaintiffs, alleges that since the accident occurred February 14, 1964 and the action was not commenced until March 1, 1969, the suit is barred by the three-year Statute of Limitations applicable to personal injury actions (CPLR 214).
Plaintiffs’ motion must be granted in its entirety and the four affirmative defenses must be stricken. Clearly, since it is conceded by all parties that the plaintiffs were infants at the time of the happening of the accident and at the time the action was commenced, the tolling provision of CPLR 208 protects the right of these children to maintain the action even upon reaching majority.
Insofar as the relationship of the parties is concerned, the recent case of Gelbman v. Gelbman (23 N Y 2d 434) has abolished the doctrine of intrafamily tort immunity in this State. It is true, as defendant contends, that the Gelbman case (supra) involved a parent suing an infant son, the converse of the situation in the instant case. Nevertheless, the language of Judge Burke, speaking for the entire court, clearly applies to actions where the child is plaintiff as well as defendant (p. 438). Defendant also argues that the Gelbman case requires that the intrafamily immunity rule still be applied on a case-by-case basis where there is inadequate insurance covering the defendant. This argument is based upon Judge Burke’s comment in the Gelbman case (supra, p. 438) that: “ The parties recognize, as we must, that there is compulsory automobile insurance in New York. Such insurance effectively removes the argument favoring continued family harmony as a basis for prohibiting this suit. The present litigation is, in reality, between the parent passenger and her insurance carrier. Viewing the case in this light, we are unable to comprehend how the family harmony will be enhanced by prohibiting this suit.”
*888 Here, defendant’s attorney argues that the combined amount of the demands contained in .the complaint far exceeds the amount of the defendant’s liability insurance and, therefore, allowing the action to proceed would be “ disruptive of family unity ” and could subject the defendant parent to hardship and deprivation.
Of course, the demands of most plaintiffs, as stated in their complaints, far exceed the amount of subsequent settlements or judgments. The court finds the defendant’s contentions totally without merit and concludes that the decision in Gelbman v. Gelbman (supra) completely abolishes the doctrine of intrafamily tort immunity in New York.
Accordingly, plaintiffs’ motion to dismiss the four affirmative defenses asserted in the answer is granted and a short form order to that effect has been issued simultaneously herewith.