John R. Tenney, J.
Plaintiffs, an infant and his mother, seek to recover damages as a result of a motor vehicle accident. The accident occurred on May 12, 1962, while the infant plaintiff was riding in a vehicle owned and operated by the defendant, his father.
In this particular proceeding the defendant seeks permission to amend his answer, to assert affirmative defenses against both plaintiffs. If the defenses have merit (CPLR 3018, subd. [b]), the court may, in its discretion, grant the relief requested. (CPLR 3025, subd. [b].)
Defendant seeks to amend his answer in the mother’s derivative action to assert the defense of the Statute of Limitations. The derivative cause of action in a negligence case belonging to an adult, cannot be tolled along with the infant’s claim from which it arose. Thus, the three-year statute applies (CPLR 214), and the motion is granted. (Pisaturo v. McCloud, 26 A D 2d 610; Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, affd. 300 N. Y. 486.)
As to the infant plaintiff, defendant seeks to test the impact of Gelbman v. Gelbman (23 N Y 2d 434) and its effect on CPLR 208. At the time of the accident, the applicable case law was that ‘‘ an unemancipated child has no right of action against his parents for non-willful injuries ” (Cannon v. Cannon, 287 N. Y. 425, 430 [Lewis J., 1942]), because of a rule designed to protect the unity of the family. The court was following Sorrentino v. Sorrentino (248 N. Y. 626) which was subsequently reaffirmed in Badigian v. Badigian (9 N Y 2d 472 [1961]) despite a vigorous dissent by now Chief Judge Fuld (9 N Y 2d p. 474).
All three cases were specifically overruled (Gelbman v. Gelbman, 23 N Y 2d 434, 438 [1969]), and the family immunity doctrine was repudiated. Judge Burke writing for a unanimous *638 court said (p. 439): “ We, therefore, conclude that the present decision should be applied retrospectively to matters which have not gone to final judgment.”
Retrospective is sometimes treated as being legally synonymous with retroactive. (Conde v. City of Schenectady, 164 N. Y. 258, 264; 77 C. J. S., p. 331.) There is a semantic distinction; retrospective is the process of looking or directing one’s observation backward; retroactive is the process of acting with reference to past occurrences (Webster’s International Dictionary; Balantine’s Law Dictionary, 3d ed.), but there does not appear to be a legal distinction. (City of New York v. Foster, 148 App. Div. 258, 261.) Nevertheless, the court did not intend to back date the law or reactivate dead issues. If the Statute of Limitations has run or if section 208 is not applicable, then the cause of action will not be revived by the present ruling of the court.
Defendant argues that CPLR 208 is not applicable because the infant was not one “ entitled to commence an action ” since he had no right of action. The section states, in part: “ If a person entitled to commence an action is, at the time the cause of action accrues under the age of twenty-one years * * * the time within which the action must be commenced shall be extended to three years after the disability ceases.”
Defendant’s argument must fail. (D’Ambrosio v. D’Ambrosio, 60 Misc 2d 886.) The infant “ was entitled to commence an action ’ ’ for the intentional torts of the parent. Parental immunity was a court-created defense which had to be pleaded and proven. Once established, it served as a complete bar, and there then was no “ right of action ”. In Gelbman v. Gelbman (23 N Y 2d 434, 439) the court now holds that the defense is no longer available.
The motion to amend the answer to the infant’s complaint to add the defenses of the Statute of Limitations and parental immunity is denied.