STANLEY RYCZKO, as Administrator, etc., of HELEN RYCZKO, Deceased, Appellant, *v.* JOHN KLENOTICH, Respondent.

Third Department, March 7, 1923.

Motor vehicles — action to recover for death of child caused by defendant's automobile — child, three and one-half years old, was struck while crossing thirty-foot street — defendant's view was unobstructed — accident occurred on left-hand side of street when child was nearly across — finding of jury that defendant was not negligent against evidence — negligence of parents, if any, immaterial — child not guilty of contributory negligence.

In an action to recover for the death of a child who was about three and one-half years of age, which was caused by defendant's automobile, the finding of the jury that the defendant was not guilty of negligence is against the weight of the evidence, since it appeared that the defendant's view along the street, which was thirty feet wide, was unobstructed, that the child crossed the street from the side on which the defendant was approaching and that the left fender of defendant's automobile struck the child when she was about two feet from the opposite, or left-hand, curb.

Any negligence on the part of the parents in leaving the child unattended in the yard of their home is immaterial for, in view of the fact that the child was just about to mount the left-hand curb after having successfully crossed the street to that point when she was struck by the defendant's automobile, it cannot be said that she did anything to contribute to the accident.

APPEAL by the plaintiff, Stanley Ryczko, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 21st day of June, 1922, upon the verdict of a jury of no cause of action, and also from an order entered in said clerk's office on the 17th day of July, 1922, denying plaintiff's motion for a new trial made upon the minutes.

*Howard E. Taylor* [*Thomas B. Kattell* of counsel], for the appellant.

*David B. Sugarman* [*Carleton Shaw* of counsel], for the respondent.

HINMAN, J.:

The plaintiff brought this action to recover damages for the death of his daughter, a child of about three and one-half years of age, alleged to have been caused by the negligent operation of an automobile owned and driven by the defendant. The accident happened in June, 1921, in the city of Binghamton. The court submitted to the jury the question whether the death of the deceased was caused by the negligence of the defendant, which the jury answered in the negative. Another question submitted to the jury was whether the death of the deceased was caused by the negligence of either or both of the parents of the deceased; which was answered in the affirmative. The appellant claims that the general verdict and the answers to these questions were contrary to the evidence and against the weight of the evidence.

The defendant was driving southerly on Glenwood avenue in the city of Binghamton. The street was paved with brick, was thirty feet wide between the east and west curbs and had a single line of car tracks in the center. The grade was slightly downward in the direction in which the defendant's car was moving, the slope being about two or three feet to the hundred feet. There were no other cars or other obstructions upon the street interfering with the defendant's view or his operation of his car. The defendant says that he was traveling twelve to fourteen miles an hour and that the child sprang out from the walk at about ten or fifteen feet away from his car. This is incredible, since a child of three and one-half years could not have crossed the street a distance of thirty feet so as to be struck by the left front fender at a point about two feet from the opposite curb, while his car moving at twelve to fourteen miles an hour traveled only ten to fifteen feet. Just prior to the accident the defendant claims to have been driving with his wheels straddling the right-hand rail of the street car tracks, and the child crossed the street from the direction of the defendant's right hand to his left. Certainly the child was in plain view as the defendant approached, and if the defendant meant that she was ten or fifteen feet away from him when he saw her she must have reached a point only a few feet from the place where she was struck, since a child three and one-half years of age, even if running, could not run far while the defendant's automobile was traveling that distance of ten or fifteen feet. The defendant says that he was looking ahead as he approached but

did not see her until she was on the street right in front of him. It is undisputed that the accident happened by the striking of the child with the left front fender of the car when she had reached a point about two feet from the curb to the left of the defendant. Upon the evidence presented by the defendant himself we can only reach the conclusion that if the defendant did not try to pass around her without stopping his car, taking a chance of not striking her, then he must have failed to exercise that reasonable care in observing what was ahead of him in the street which would have caused him to discover her jeopardy in time to have avoided the accident. In either case, in view of his unobstructed view and unobstructed opportunity to freely direct his car upon any portion of the street, he was negligent. The finding of the jury on the issue of the negligence of the defendant was against the weight of the evidence.

The father and mother of the plaintiff's intestate had recently moved from a house on the west side of Glenwood avenue, at the place of the accident, to another house near by on an adjoining street, to reach which it was necessary to cross Glenwood avenue in the direction in which the child was proceeding at the time of the accident. The parents had taken the deceased child and another child to the old house on Glenwood avenue to get some articles of property remaining on the premises. Just before the accident the father had left the premises, leaving the mother and the two children in the yard. The children had been playing in the sand in the yard according to the testimony of the mother. She further testified that one child had soiled her hands and clothing, which the mother was cleaning, and without her noticing it the deceased ran out of the yard and apparently was starting for their new home by crossing the street. Assuming that the mother was negligent in not better caring for the deceased, such negligence seems to us to be immaterial in this case because too remote. " If the child exercised proper care, and the injury was caused wholly by the negligence of the driver, the defendant was clearly liable without regard to the question whether it was negligent in the parents to let the child go out as it did. (*McMahon* v. *The Mayor*, 33 N. Y. 647.) In the case supposed, the negligence of the parents, if it existed, would have been too remote to be regarded as contributing to the injury. * * * All the cases in which the negligence of parents or custodians of infants not *sui juris* is held to preclude a recovery by such infants or their representatives, necessarily assume that the conduct of the infant was such as would, in the case of a person *sui juris*, have amounted to contributory negligence, and hold that the negligence of the parent

or custodian, but not the personal conduct of the infant constitutes the bar. The law in such cases makes the infant responsible through others." (*Ihl* v. *Forty-second Street, etc., R. R. Co.*, 47 N. Y. 317, 323.) Moreover, it is not negligence *per se* on the part of a parent to permit a child *non sui juris* to play in the street. (*Kunz* v. *City of Troy*, 104 N. Y. 344.)

This being a death case the burden of proof as to contributory negligence was upon the defendant. (See Civ. Prac. Act, § 265, and Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919.) But in view of the fact that the child was just about to mount the curb after having successfully crossed the street to that point, it is impossible to see what she did to contribute to the accident, or what she failed to do that would have avoided the accident. The defendant had the full width of a thirty-foot street within which to so operate his car as to have avoided this child, which was made possible by his unobstructed view. The weight of the evidence presented in this record is to the effect that the injury was caused wholly by the negligence of the defendant. We, therefore, reach the conclusion that the finding of the jury on the issue of contributory negligence was against the weight of the evidence.

The judgment and order should be reversed upon the facts and a new trial granted, with costs to appellant to abide the result.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Judgment and order reversed upon the facts and new trial granted, with costs to the appellant to abide the event.