Jacob Markowitz, J.
This is a motion by plaintiffs to consolidate two negligence actions and to dismiss the affirmative defense in the answer of defendant, Charles Howell.
The plaintiff Creig Howell, an unemancipated three-year-old infant, sues his father Charles Howell for damages for personal *872 injuries claimed to have been sustained by the infant while riding as a passenger in an automobile owned and operated by his father.
The threshold question is whether this action may be maintained by the unemancipated minor child against his parent, with whom he resides, is dependent upon for his maintenance and support, and is under his parental supervision and control, all of which is alleged as affirmative defenses to the action.
In sum, the defendant pleads the rule of intrafamily tort immunity.
The plaintiff moves to dismiss the affirmative defenses pursuant to CPLR 3211 (subd. [b]), because of the recent case of Gelbman v. Gelbman (23 N Y 2d 434) which abolished the defense of intrafamily tort immunity for a nonwillful tort in an automobile case by the mother, as plaintiff, against her unemancipated minor son. The Gelbman case permitted the suit by the mother, who was injured while a passenger in an automobile owned by her and operated by her unemancipated 16-year-old son. Although Gelbmcm did not involve, as is manifest, an unemancipated child plaintiff, it nonetheless stated that the prohibitory intrafamily tort rule, as expressed in Sorrentino v. Sorrentino (248 N. Y. 626) and reaffirmed in Cannon v. Cannon (287 N. Y. 425) and in Badigian v. Badigian (9 N Y 2d 472) (minor child v. parent), should no longer obtain.
In Gelbman (pp. 437, 439), the court overruled the decisions in Sorrentino, Cannon and Badigian, and it held intrafamily suits for nonwillful torts are permissible.
‘ ‘ The doctrine of intrafamily immunity for nonwillful torts was a court-created rule and, as such, the courts can revoke it. ’ ’
‘ ‘ By abolishing the defense of intrafamily tort immunity for nonwillful torts, we are not creating liability where none previously existed. Rather, we are permitting recovery, previously denied, after the liability has been established.”
The fact that a child is suing his parent does not require adherence to the family immunity doctrine, which Gelbman repudiated and overruled the decisions in the child against parent suits in Sorrentino, Cannon and Badigian.
■That the child is suing for a sum greater than covered by defendant’s insurance policy is of no substantial weight. This right to sue should not be dependent on whether there is insurance in a sufficient amount.
The unemancipated infant is entitled to sue his father in tort for injuries sustained in the automobile accident.
There is no opposition to consolidation. The motion is granted in toto.