Nathaniel T. Helman, J.
Defendants move for an order directing the plaintiffs to serve a duly executed hospital authorization, and further, for an order allowing the defendants to amend their answer to include a counterclaim against the plaintiff Ann Marrero, the infant plaintiff’s mother, for negligently permitting the infant to be on the street without adult supervision. The proposed counterclaim further alleges that if the accident did not happen solely by reason of the infant plaintiff’s own negligence, it was attributable to the negligence of the plaintiff parent in failing to supervise her, and allowing her to traverse public streets when she was too young to care for her own safety.
That portion of the motion seeking the hospital authorization is rendered academic as plaintiff states such authorizations have been served. Defendants shall furnish a complete copy of such records to plaintiffs’ attorneys.
On June 12, 1965, the infant plaintiff approximately eight years of age, was struck and injured at or near the intersection of Vyse Avenue and 172nd Street in The Bronx, New York. It is alleged that plaintiff sustained a cerebral concussion, causing acute post-traumatic behavioral disorder, with marked alteration in personality and behavior, associated with psychotic reaction and severe aggravation and exacerbation of a pre-existing mild retardation:. Since February, 1969, the infant plaintiff has been confined to Rockland State Hospital.
The proposed counterclaim has been fitted into the recent holdings of Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 N Y 2d 25) by requesting an apportionment of damages against a join tort-feasor, in this case the parents of the child. I am not aware of any New York State court case in which similar relief was requested, but defendants place strong reliance on the recent decision of Sorrentino v. United States (344 F. Supp. 1308) a Federal court case decided July 7, 1972, which appears to authorize third-party relief under such circumstances.
In that case a child was struck by a United States Government vehicle while riding a bicycle. Defendant moved to amend its answer to set forth a counterclaim against the plaintiff father, and a third-party complaint against both parents, claiming that they were charged with the infant’s care and supervision, and that if the accident did not happen solely by reason of the infant’s *476 negligence, it was attributable to the negligence of the parents. Emphasizing that the recent decision of Gelbman v. Gelbman (23 N Y 2d 434), authorized suit in New York by a child against his parents, for ordinary negligence, the learned Justice said (344 F. Supp., supra, p. 1309): “ As the Court pointed out in Dole, the apportionment is in terms of the factual disparity * * * between the delinquencies of the Government and the parents if both were delinquent ’ While acknowledging that the consequences of granting the requested relief were ‘ ‘ upsetting ’ ’, the court nevertheless granted the application to amend as the “ inevitable ” fruit of the Dole tree. Conceivably, the circumstances alleged in that pleading, together with the fact that the infant was non sui juris, may have justified its acceptance as a proper basis for relief by way of counterclaim, I find no such justification in the present pleading.
It has always been the rule in this State that negligence of the parents in permitting a child in the street depends, amongst other things, on the age and intelligence of the child and the surrounding facts and circumstances of each case. Even in the case of children non sui juris there is no firm doctrine inbur State which holds parents prima facie negligent when an accident occurs (Ryczko v. Klenotich, 204 App. Div. 693) in which the infant is injured while unattended. In Barry v. Second Ave. R. R. Co. (16 N. Y. S. 518), the court sustained the refusal of the trial court to charge that the mere presence of a four-year-old child in the street was prima facie evidence that he was exposed to danger through the negligence of ’his parents. In similar vein, the question of negligence as to a non sui juris child was left to the jury in Mangam v. Brooklyn R. R. Co. (38 N. Y. 455 [four years old]), Birkett v. Knickerbocker Ice Co. (110 N. Y. 504 [four years]) and other New York cases in various courts (Ann 51 A. L. B. 223-224). “ The temporary incursion of the child into the roadway was not sufficient to attribute negligence per se to his.parents or to his immediate custodian.” (Dehmann v. Beck, 61 App. Div. 505, 507; italics supplied).
Even more so, must the present pleading be found insufficient when dealing with a child eight years of age. Once a child passes from its non sui juris status it is capable of negligence which may bar recovery, and the issue before the court and jury will then be the age, education and health of the child, as related to its conduct. Children of eight in a large city are accustomed to crossing streets to attend school and to participate in normal activities, and failure of a parent to accompany them does not customarily involve a breach of the requirement of prudent care.
*477 No doubt special circumstances such as mental or physical disability of the child may require special custodial care in particular situations. But a pleading which makes a charge of negligence against parents of an eight-year-old child, based on unattendance alone fails to set forth a cause of action for negligence.
The court is not unaware of the liberal interpretation to be given to pleadings broadly phrased with general allegations of negligence; yet, if each infant injured in our streets were to subject his parents to an automatic counterclaim or cross complaint under the new ‘ ‘ Dole ” doctrine, our courts would be flooded with applications directed to the parents of infants of all ages involved in accidents. The failure of the present defendants to allege special facts and circumstances which imposed a special responsibility on the parents to attend their child at the time of this occurrence renders the pleading vulnerable. Accordingly, the motion to amend defendants’ answer is denied.