Arnold L. Fein, J.
In this action to recover for personal injuries sustained by an infant aged five and one-half, brought by his father as guardian, and by the father individually for loss of services and moneys expended on behalf of the infant, defendants, relying on Dole and its progeny, move to amend their answer to assert a counterclaim against the plaintiff father for negligence in failing adequately to supervise and control the infant plaintiff, whose injuries were allegedly sustained when he was struck by a bus owned and operated by defendants. (Dole v. Dow Chem. Co., 30 N Y 2d 143; Kelly v. Long Is. Light. Co., 31 N Y 2d 25; Sorrentino v. United States, 344 F. Supp. 1308.)
The proposed counterclaim purports to rely on more than mere unattendance by the father while the child was in the street. It alleges that the father “ allowed his 5% year old son to play *947 on 169th Street and Ogden Avenue, which is a heavily travelled two-way street, having lights controlling traffic on all four corners of the intersection, without adult supervision”, and that any injury and damage were sustained “as a result ” of the infant’s “ contributory negligence and/or the active, overt and primary negligence ” of the father “ in failing, omitting and 'neglecting to properly care, control and supervise his son and causing, allowing and permitting this child to be in and upon this much-travelled street under existing conditions and circumstances, and having regard to the actual and potential hazards then existing ”.
The issue is whether a cause of action is stated by a counterclaim or third-party complaint against the father of a five and one-half-year-old infant, which alleges that the accident and injuries sustained were caused by the father’s negligence in failing properly to supervise the infant, by causing, allowing or permitting the infant to go or to be unattended in a place of danger, where the father has knowledge of the actual and potential hazards.
Defendants heavily rely on Sorrentino (supra), a Federal case, holding that the effect of Dole and Kelly (supra), is to make tenable a counterclaim alleging active, overt and primary negligence against the father of an infant struck on a public street by a Federal vehicle, while he was riding his bicycle. The counterclaim asserted that any negligence of the Government was secondary and passive.
Both sides cite Marrero v. Just Cab Corp. (71 Misc 2d 474), where the court held that a counterclaim alleging negligence against the parent of an eight-year-old child, based on unattendance alone, failed to set forth a cause of action for negligence. The infant had been struck by a taxicab in the roadway. Distinguishing Borrentino (supra), which did not discuss the age of the infant, Marrero held that an eight-year-old child is sui juris, capable of contributory negligence, considering the age, education and health of the child, as related to his conduct. Accordingly, in the absence of allegations of “ special circumstances ” requiring “ special custodial care ”, the court found no basis for allowing a counterclaim for negligence, based on parental non-attendance alone.
Whether a child, such as the subject plaintiff aged five and one-half, is sui juris and capable of contributory negligence is not free from doubt. (Dugan v. Dieber, 32 A D 2d 815; cf. Verni v. Johnson, 295 N. Y. 436, holding a child under four incapable of contributory negligence as a matter of law; Ehrlich v. Marra, *948 32 A D 2d 638, similarly holding as ¡to a child four years 10-months old; see Camardo v. New York State Rys., 247 N. Y. 111, holding the question is for the jury under a proper charge that the standard for an infant is the degree of care a reasonably prudent child of .such years, experience, intelligence and degree of development would exercise under the circumstances.) Moreover, as Marrero states (71 Misc 2d 476, supra): “ Even in the case of children non sui juris there is no firm doctrine in our State which holds parents prima facie negligent when an accident occurs ”; citing Ryczko v. Klenotich (204 App. Div. 693), child aged five; Barry v. Second Ave. R. R. Co. (16 N. Y. S. 518) proper not to charge negligence of parents based on mere presence of four-year-old child in the street; Mangam v. Brooklyn B. B. Go. (38 N. Y. 455), jury question as to ,three-year-old child; Birkett v. Knickerbocker Ice Co. (110 N. Y. 504), similar as to four-year-old child. “ The temporary incursion of the child into the roadway was not sufficient to attribute negligence per se to his parents or to his immediate custodian ” (Dehmann v. Beck, 61 App. Div. 505, 507).
As these and other cases hold, it has been the rule that one who negligently injures a child cannot avoid liability to the infant by asserting the negligence of the parents in supervision as a bar. The negligence of the parent may not be imputed to the infant (General Obligations Law, § 3-111; Kowalski v. Mohsenin, 38 A D 2d 274), although the failure of the parent to act reasonably in the care and supervision of the infant immediately prior to an accident may amount to contributory negligence barring a derivative recovery by the parent. (Juszczak v. City of New York, 32 A D 2d 824.)
The proposed counterclaim here seeks to do more than bar the parent. If this counterclaim is allowed, the practical effect will be to make the parent liable to the infant for custodial and supervisory negligence, at least to the extent of imposing on the parent a share of the financial responsibility for the total injury to the child if sustained as a consequence of the concurrent negligence of the defendant and the parent. There are obvious intrafamilial consequences if a judgment is recovered in favor of the infant against the defendant, which includes a judgment for a major portion of such recovery in favor of the defendant against the parent. Kelly (supra) would entitle the child to collect the full amount from the defendant, who could proceed against the parent for his proportion.
Sorrentino (supra), allowing such a counterclaim, notes this consequence and the further possibility that it may open the door *949 to “ -subjecting the parent to a direct responsibility to the child for parental negligence in so intimate an aspect of the intrafamilial duties of custodianship and supervision ” which “ might yet be thought to involve considerations which it would not be politic to leave to the adjudication of the courts ”. (344 F. Supp. 1308, 1310, supra.)
Recognizing that such consequences are “ perhaps, somewhat upsetting”, Sorrentino held them to be “inevitable ” in the light of Bole and Kelly, read together with Gelbman v. Gelbman (23 N Y 2d 434). Gelbman establishes the right of a child to sue his parents even for nonwillful torts, including ordinary negligence. However, nothing in Gelbman speaks to a cause of action for custodial and supervisory negligence. It deals primarily with automobile negligence problems and notes the impact of compulsory automobile insurance on the underpinnings of the doctrine of intrafamilial immunity. The opinion heavily relies on the dissent in Badigian v. Badigian (9 N Y 2d 472, 474), which called for overruling the immunity doctrine in automobile negligence cases, but expressly suggested exclusion of those causes of action which might arise in the course of daily family living, involving such matters as parental custodianship and supervision. (See 44 St. John’s L. Rev. 127, “ Recent Developments, Torts-Hegligence-Doctrine of Intrafamily Immunity Abolished in Hew York — Gelbman v. Gelbman, 23 H Y 2d 434 ”, and cases there cited from other jurisdictions following the principles set out in the Badigian dissent.)
To allow a child to sue a parent for negligent operation of an automobile or other instrumentality is one thing. This involves merely negligence in the operation of a vehicle, not custodial supervision. To allow the parent to be held liable to the child or to a third party for negligent supervision of the child is quite another matter. Ho Hew York case has been cited or found which so holds. It is noteworthy that section 3-112 of the General Obligations Law which makes a parent liable for damages when an infant over 10 and under 18 “willfully, maliciously or unlawfully damages or destroys ” the property of another, limits liability to $500 and makes the “ exercise of due diligence in supervision ” a defense. (See Family Ct. Act, § 757.)
With all due respect to Sorrentino and the commentators (Hew York Trial Practice, Prof. Joseph M. McLaughlin, H.Y.L.J., Sept. 8, 1972, p. 1, cols. 1 and 2; Supplementary Practice Commentary, Prof. David D. Siegel, “ Dole v. Dow Chemical Co. and Its Ramifications ”, McKinney’s Cons. Laws of H. Y., Book 7B, CPLR 3019, 1972-1973 Annual Pocket Part, pp. 211-212), *950 it must be held that, however broad the Dole-Kelly-Gelbman “ revolution ” (supra), it cannot be held to encompass a counterclaim against a parent for negligent supervision of an infant injured while crossing, playing or bicycling in the city’s streets, in an action brought to recover for such injuries.
Accordingly the motion is denied.