A. Franklin Mahoney, J.
Before Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 N Y 2d 25) the issue herein would have been considered to be so academic that it would not have engaged the attention of either the attorneys or the court.
A four-year-old boy darts ¡between.two parked cars and is struck by the defendant and sustains personal injuries. The *182 boy and bis father sue the defendant both for personal injuries and for the father’s derivative losses. The defendant answers and counterclaims against the father and brings a third-party action against the boy’s mother demanding, in each suit, to be indemnified for a portion or all of any-verdict against him on the ground that the parents ’ lack of attention, care and control of their son were the proximate causes of the accident and resulting injuries. Pre-Dole, the motion before the court to dismiss . the counterclaim and third-party action would have been granted out of hand on the now interred theory of active-passive negligence.
The Dole and Kelly cases (supra), together with the change in policy respecting the right of a child to sue his parent ili ordinary negligence as enunciated in Gelbman v. Gelbman (23 N Y 2d 434), compel a new look not only at the familial relationship but also at the issue of when a child is, presumed to be (rebut-table), or is not, sui juris. If a child can now sue his parent in v. ordinary negligence it must be presumed that a parent has a duty of refraining from conduct, not reasonable and prudent, that might injure his child. If he does not and that failure proximately causes injury to his child, then he must respond in damages. It is unclear, however, that a parent has an obligation and duty to refrain from conduct, passive as well as active, that proximately exposes his child to danger and injury by the conduct of a third person. If he has such a duty, does the failure to exercise it open himjto suit by a third party who injures his child? If he has such a duty, is it dischargeable only to a non sui juris infant ? Does the duty cease when the infant attains an age that equips him with sufficient judgment to- look out for himself? If he has such a duty, does the failure to exercise the proper care constitute prima-facie or rebuttable negligence?
Mr. Justice Helmah in Marrero v. Just Cab Corp. (71 Misc 2d 474), in refusing to permit the defendant to amend its answer só as to counterclaim against the mother- of an eight-year-old for negligently permitting Ihe child to be on the street without adult supervision, bottomed his holding on the view that a pleading alleging negligence of parents of an eight-year-old child, on unattendance alone, fails to state^a cause of action. Mr. Justice Helmah adhered .to the'view that the law of this State did not impose either per se or prima facie negligence on a parent of a child, even a .non sui juris child^for “ The temporary incursion of the child into the roadway ’’ (Marrero v. Just Cab Corp., supra, p. 476; Dehmann v. Beck, 61 App. Div. 505, 507). The learned Justice was of the. view, at least with respeet to infants *183 eight years old and upward, that an action against the parent would not lie on the theory of unattendance alone; that the pleading must allege some special circumstance, such as mental or physical disability of the child, in order to state a cause of action. Does this view violate the holding in Gelbman v. Gelbman (23 N Y 2d 434, supra) ? I think it does, unless we accept the position of Mr. Justice Larkin of the trial bench (Supreme Ct.) in the Third Department that Gelbman should be held to its particulars and only applied to those situations involving infants injured in automobile accidents where their parents are “covered” by compulsory insurance (Graney v. Graney, Oct. 13, 1972). In my view, Justice Larkin’s interpretation of Gelbman is too narrow and not in keeping with the language of Judge Burke who stated in the last paragraph of his Gelbman decision (supra, p. 439) that ‘ ‘ By abolishing the défense of intrafamily tort immunity for nonwiilful torts, we are not creating liability where none previously existed. Bather, we are permitting recovery, previously denied, after the liability has been established.” Thus, nothing has changed, except Gelbman has supplied another possible defendant and Dole has created the machinery to implead that defendant if the infant chooses not to sue him. It follows, therefore, that if a child may recover against a parent for a nonwiilful tort when such a tort, such as lack of supervision, causes injury to the child by a third party and, further, since Dole and Kelly permit apportionment of fault among defendants, a third party by cross claim or by third-party action should be able to plead over against the parent to recover all or part of any verdict against him from his fellow tortfeasor, albeit that tort-feasor be a parent of the injured child. Such a conclusion is a rational result of the holdings in Gelbman and Dole, subject only to the pragmatic consideration of the infant’s age, intelligence and development, factors which always controlled infant’s actions long before Gelbman and Dole. If an infant is 16 years of age or older and not mentally or physically deranged, then a Dole cross claim or third-party action against a parent should not be permitted to be maintained, on the practical ground that the infant is capable of providing for his own safety. Such an action should lie as of right where the infant is non sui juris as a matter of law, and, in those instances where the infant’s abilities to care for himself are subject to proof, the motion to plead the Dole actions should be granted and the maintenance of the apportionment actions left to the jury as a factual issue.
*184 In the case at bar the infant plaintiff is four years old. While I am inclined to feel a child of such tender years is non sui juris as a matter of¡ law, it is unnecessary that I so hold. That fact I will leave to the Justice presiding at the trial. I do hold, however, that the Dole actions lie and deny the motion to dismiss them.