Alton J. Wightman, J.
This is a motion by Donald L. Bilgore, third-party defendant, for an order pursuant to CPLB 3211 (subd. [a], par. 7) dismissing the complaint.
The original action was brought by Donald L. Bilgore, father of Donna Bilgore, an infant who was 14 years of age, against the third-party plaintiffs to recover for injuries alleged to have been sustained by the infant plaintiff on June 14, 1970 when, while riding a bicycle and after applying the brakes she was caused to be thrown over the bicycle and severely injured. Third-party plaintiffs bring this action against Donald L. Bilgore, the father of the infant, alleging that he was negligent in failing to provide his daughter with the proper instructions and supervision in connection with the operation of the bicycle, and claim that because of such negligence they are entitled to be reimbursed from him for any damages that may be found against them in the original action.
The moving party relies on Marrero v. Just Cab Corp. (71 Misc 2d 474). In this case plaintiff’s eight-year-old infant child was injured when struck by defendant’s vehicle and it was claimed that the accident was caused by the negligence of the parent in permitting the infant to be on the street without adult supervision. The court held (pp. 476-477), among other things, “Children of eight in a large city are accustomed to crossing streets to attend school and to participate in normal activities, and failure of a parent to accompany them does not customarily involve a breach of the requirement of prudent care. No doubt special circumstances such as mental or physical disability of the child may require special custodial care, in particular situations. But a pleading which makes a charge of negligence against parents of an eight-year-old child, based on unattendance alone fails tp set forth a cause of action for negligence.”
*641 In opposition to the motion, the third-party plaintiffs rely on Sorrentino v. United States (344 F. Supp. 1308). In this case plaintiff’s child was struck and injured by an alleged negligently operated motor vehicle while riding his bicycle on a public highway. A motion was made for leave to amend the answer to set forth a counterclaim and third-party complaint against the father and mother of the infant, alleging that they negligently permitted him to ride a two-wheel bicycle in the street without adult supervision and further alleging that the child was too young to care for his own safety. The court permitted the amendment. In the Marrero case the infant was sui juris. In the Sorrentino case (p. 1309) the claim was that the infant “was too young to care for his own safety”. In other words, non sui juris.
This action is another attempt to extend this type of litigation beyond the concept existing prior to Gelbman v. Gelbman (23 N Y 2d 434), which permitted intrafamily suits for nonwillful torts, and Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 N Y 2d 25) which provide for an apportionment of liability between a third-party plaintiff and a third-party defendant.
The third-party action to which this motion is addressed concerns a child who is sui juris and no special facts or circumstances are alleged. Upon these facts and upon the law, the defendant’s motion to dismiss is granted. If a contrary holding were made the door would be opened for a multitude of claims against the parents, not only of the operators of bicycles but of motorcycles and automobiles as well.