John T. Casey, J.
The third-party defendants (the parents of the five-year-old infant, plaintiff herein) move to dismiss the third-party complaint for insufficiency. The complaint alleges only that the accident[1] was “ occasioned, caused or contributed to by the [parents] by their failure to know the whereabouts of the said infant and to exercise the necessary parental supervision and control to keep the infant from placing himself in circumstances which were highly dangerous ”. The complaint demands indemnity for all or at least that portion of the negligence attributable to the parents’ lack of supervision which proximately contributed to the infant’s injury under Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 NY 2d 25).
The simple fact is that for many years pre-Dole the temporary incursion of a child into a roadway was not sufficient to attribute negligence per se to his parents or to his immediate custodian. (Dehmann v. Beck, 61 App. Div. 505, 507 [1901].) To bind a parent in negligence for failure to supervise a child, there *40 fore, special facts and circumstances such as mental or physical disability requiring special care in particular circumstances, including the age and intelligence of the child had to be alleged and proved. (Marrero v. Just Cab Corp., 71 Misc 2d 474.)
It is my opinion (as it was the opinion of the Justice in Marrero [supra]) that Dole and its progeny did not change that - principle. Dole demands a concurrence of separate negligent acts by different tort-feasors proximately contributing to the same injury and provides for an adjustment of the responsibility among the defendants found liable according to their respective degrees of negligence. If Dole is to be considered substantive, then only the right of indemnification between tort-feasors where none before existed was created. Dole did not enlarge or create any new cause of action regarding parental supervision of infantsnor stamp sufficient a complaint which failed to allege the special facts and circumstances required to be alleged preDole. Gelbman v. Gelbman (23 N Y 2d 434) established the right of a child to sue its parent for nonwillful torts including negligence, and assuming that this holding has been extended to nonautomobile cases it did not make sufficient a complaint which merely alleges that the child is on the street unattended by its parent whether it is the child’s complaint against the parent or a third-party complaint against the parent as herein. (Contra Sorrentino v. United States, 344 F. Supp. 1308.)
I can hypothesize a situation where a parent had a very small child by the hand at a busy intersection and negligently turned away to window shop or talk to a friend, letting the child toddle out into the street to be struck by an automobile. One could then conclude that the parent was either solely negligent in proximately causing the infant’s injuries or at least concurred in the negligence of the driver of the vehicle by the lack of supervision. As a result of Dole both driver and parent should be responsible for their respective degrees of negligence which proximately caused the infant’s injuries. But to reach this determination the special facts and circumstances of what the parent did or failed to do have to be alleged as well as the age, the degree of intelligence and mental and physical capacity of the infant. Absent such special circumstances the complaint is defective. Otherwise, every parent would have to defend the supervision of his child in every street accident merely because the child was unattended on the street. (Collazo v. Manhattan & Bronx Surface Trans. Operating Auth., 72 Misc 2d 946.) Whether such special circumstances have to be alleged to make a complaint sufficient when the infant is non sui juris as a matter of *41 law and, therefore, in constant need of supervision is not before me. In my opinion, the principle is applicable to all other infants.
The third-party complaint is, therefore, dismissed.

. The accident occurred on August 14, 1971 while the infant was riding his bicycle on Salem Street in the Town of Colonie when he was struck by a car owned and operated by the third-party plaintiffs respectively.