Bernard F. McCaperey, J.
The plaintiff moves for an order to strike the counterclaim which was interposed under the authority of Dole v. Dow Chem. Co. (30 N Y 2d 143).
The father herein is acting as a plaintiff in the dual role, first that of guardian ad litem of his infant daughter, and also in his individual capacity in the derivative action for any expenses and loss of services.
The infant, Mary Elizabeth Kiernan, was six years of age when she was involved in an accident on August 20, 1972 with defendant’s car while she was riding a bicycle on Benken Boulevard in Franklin Square, New York, which was and still is a public highway.
The defendant argues that he has properly brought this counterclaim against plaintiff, Patrick Kiernan, individually, *830 pursuant to subdivision (a) of CPLR 3019, and the rule of Dole v. Dow Chem. Co. (supra).
Whether the changes wrought by Dole are more properly designated as substantive or procedural need not be resolved herein, as it is sufficient to note that regardless of the classification applied the actual effect is to create a substantive right to defendants, and thus the courts should proceed cautiously in these Dole matters lest the application of the usual liberal rules relating to the procedural aspects of allowing counterclaims to stand have the result of creating an unintended substantive right, particularly as to a defendant interjecting himself into a family relationship. This is not the usual case where the court is merely being asked as to whether a defendant should be able to plead a counterclaim against the plaintiff. Thus, under Sorrentino v. United States (344 F. Supp. 1308 [E. D. N. Y.]) the Dole doctrine is being applied to allow a defendant, who is a stranger to the family relationship, the right at Ms option to initiate litigation between a parent and child even where the family members chose not to exercise their sole option and right to initiate litigation under Gelbman v. Gelbman (23 N Y 2d 434), which revoked the prior court-created rule of this State that prohibited child-parent suits for nonwillful torts, which was first enumerated in 1928 in Sorrentino v. Sorrentino (248 N. Y. 626), reaffirmed as late as 1961 in Badigian v. Badigian (9 N Y 2d 472). In passing it is noted that it is an ironic coincidence that the name Sorrentino is the same named plaintiff in the case that established the rule prohibiting child-parent suits as well as in the recent Federal court case which applied the Dole case to allow a defendant by means of a counterclaim and third-party complaint to make the mother and father reluctant defendants in an action the father brought on behalf of the child for injuries sustained as a result of a tort directly involving the defendant.
In that the rulé which originally prohibited but now allows child-parent suits is not legislative, but is based on case law, it is necessary to look to the applicable holdings of the Court of Appeals for guidance in applying the Dole case. The Dole ease itself did not involve the problem of litigation involving the famly unit. All of the applicable cases (Sorrentino v. Sorrentino, 248 N. Y. 626, supra; Cannon v. Cannon, 287 N. Y. 425; Badigian v. Badigian, 9 N Y 2d 472, supra), including Judge Fuld’s dissenting opinion in Badigian upon which the Gelbman opinion was based, have one common underlying theme, and that is insurance. Up until Gelbman the courts were r$uc *831 tant to allow any suits for nonwillful torts among family members when the effect of one member being held accountable to the other for a monetary amount would detrimentally affect the family unit. It is noted that in Gelbman v. Gelbman (23 N Y 2d 434, 438, supra) Judge Burke stated; “ The parties recognize, as we must, that there is compulsory automobile insurance in New York. Such insurance effectively removes the argument favoring continued family harmony as a basis for prohibiting this suit. The present litigation is, in reality, between the parent passenger and her insurance carrier. Viewing the case in this light, we are unable to comprehend how the family harmony will be enhanced by prohibiting this suit.” Also in Badigian (supra, p. 474) in his dissenting opinion, Judge Fuld stated: “ If the present decision were necessary to preserve the integrity of the family, I would subscribe to it. * * * [p. 480] The decision to be made herein has little, if anything, to do with a case where the child is injured in the kitchen or in some other room making up the family establishment. There may be injustice, as well as difficulty, in applying the standardized duty of the reasonable man in such a situation. * * * In the ordering of the home, the father is still the judge, or better perhaps, the king, not liable for error while he acts in good faith, without malice or indifference, # * * [p. 481] The rule is to cover cases where a father runs his child down, or spills him into the street, by careless driving of his car, or otherwise fails to properly maintain the car, and thereby cripples him for life. * * * [p. 478] We should hold that the child is not to he denied the benefit of insurance that would be available for a stranger. * * * [p. 481] If the crippled child may have the benefit of this insurance, a fund will be supplied the family to provide for him. If the fund is cut off, cripple as well as parent will have to stagger beneath the load. To tell them that the pains must be endured for the peace and welfare of the family is something of a mockery.” (emphasis supplied).
Thus, for these reasons, the courts have adopted a rule to allow child-parent suits. This is particularly so as to those situations involving compulsory insurance, for none of the family members can be prejudiced by such a suit. However, this does not follow in these types of Dole counterclaims where a plaintiff father might not have a separate homeowner’s policy, for such insurance is not compulsory and as a matter of practicality in many instances many parents would not have this type of policy, or the policy might not provide the necessary *832 coverage, and thus the intrafamily relationship could be seriously prejudiced by such a suit by a nonfamily member. Furthermore, the traditional role of the courts as the guardian of an infant ward should be a matter of concern where an unintended application of Dole might establish a precedent which would allow an infant’s potential rights of receiving full compensation for an injury to be affected by Dole counterclaims. Though the Dole counterclaim in no way can be imputed to the infant plaintiff to affect his amount of his recovery, as a practical matter it is difficult to accept this in the every day reality of family life. For, if the infant plaintiff were to receive a recovery of $100,000, and a parent might be held to be 30% accountable under a Dole counterclaim where the par» ents had no homeowner’s or similar liability coverage, the infant would in effect receive a diminished recovery due to the inability or lack of indemnification of the parent to pay his apportioned share. Furthermore, it would be prejudicial to the family relationship to place the onus on juries to deal with these matters in an equitable and sophisticated manner, and the prejudice could be substantially more under a Dole counterclaim than the loss a parent might now sustain under his derivative claim. The real beneficiary of this type of Dole counterclaim would be the automobile insurance company for the defendant. Such was not the intention of the Court of Appeals in adopting the rule permitting recovery in child-parent suits.
The court takes note of the decisions of Justice Helman in Marrero v. Just Cab Corp. (71 Misc 2d 474), and Justice Fein in Collazo v. Manhattan & Bronx Surface Tr. Operating Auth. (72 Misc 2d 946), in which the court in both instances denied motions to amend the answers to include a Dole counterclaim against a parent on the grounds of lack of supervision on similar facts to this case.
The court further notes that this, like every pleading question, must also be looked at in light of the CPLB- enactment that 11 pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” (CPLB 3026).
Though it is not incumbent upon a defendant to set forth in a pleading evidentiary facts as to the parent’s negligence, there must be a showing of the requisite allegation of a valid cause of action cognizable by the court which “ ‘ can be fairly gathered from all the averments.’” (Condon v. Associated *833 Hosp. Serv. of N. Y., 287 N. Y. 411, 414; Foley v. D’Agostino, 21 A D 2d 60, 64, 65).
In this particular pleading there are no averments, that unusual parental care was required, either because of the circumstances surrounding the accident or the special needs of the infant, or that the parent’s actions constituted malice or indifference. Furthermore, in this instance, the defendant has not even set forth sufficient averments as to a general lack of parental supervision. ’
Accordingly, the motion to strike the counterclaim is granted.