Habold J. Hughes, J.
This is a motion by the third-party defendant to dismiss the third-party complaint.
Charles Orphan, an infant, was injured as the result of an explosion of a sauna heater. At the time of the accident, he and his father, the third-party defendant, were using the sauna bath facilities owned by the codefendants Eelyea and Lillimagi. Through his mother, Charles Orphan commenced suit against the owners of the heater, against the manufacturer, and against Oliver Byrne, Jr., the supplier of the bottled propane gas for the heater and the person alleged to be responsible for repairing the same.
Byrne has commenced a third-party action against Michael Orphan, the infant’s father, and alleges in the third-party complaint that the explosion was caused by the negligence of Michael Orphan in igniting the sauna stove.
The third-party defendant seeks to dismiss the third-party complaint on the ground that under the present fact situation, the doctrine of intrafamily tort immunity applies.
In Gelbman v. Gelbman (23 N Y 2d 434), the Court of Appeals abrogated the long-standing doctrine of intrafamily tort immunity. However, third-party defendant avers in his affidavit that at the time of the accident in question, he had no personal liability insurance coverage which would indemnify him for any damages recovered against him. He argues that Gelbman is not applicable since the holding in that case should be restricted to situations where the family member has liability insurance.
It is true that in Gelbman (supra, p. 438) one of the considerations for abolishing intrafamily tort immunity was the recognition that there- is compulsory automobile insurance in New York. The litigation in that case, the court noted, was realíy between the parent passenger and her insurance carrier.
It is this court’s opinion, however, that the holding in Gelbman was not limited to situations where the family member, as a party defendant, has insurance coverage, but concludes that the decision completely abolished the doctrine of intrafamily tort immunity in New York. The right to sue should not depend *1100 on whether there is insurance (cf. Howell v. Perri, 60 Misc 2d 871; D’Ambrosio v. D’Ambrosio, 60 Misc 2d 886).
The motion to dismiss the third-party complaint is denied, without costs.