Louis B. Heller, J.
Plaintiff moves to dismiss the counterclaim and cross claim interposed against her by defendant Emanuel Weiss,
In this action, damages are sought for personal injuries sustained by the infant plaintiff, who on and prior to January 1, 1973, when approximately one and one-half years old, allegedly ingested quantities of paint chips and plaster in an apartment occupied with his mother, and for the mother’s derivative losses. The counterclaim and cross claim pleaded against the mother alleges 11 said damages were caused and contributed to by reason of the carelessness, recklessness and negligence and/or acts of omission or commission of plaintiff Maggie Salley, and if any judgment is recovered herein by the plaintiffs against the defendant Emanuel Weiss, the said defendant will be damaged thereby.” “ That plaintiff Maggie Salley will be liable to and will be bound to indemnify the defendant Emanuel Weiss for the full amount of any recovery herein by the plaintiffs, or for that proportion caused by plaintiff Maggie Salley ’ ’.
In interposing the counterclaim and cross claim, defendant is relying upon the principles expressed in Dole v. Dow Chem. Co. (30 N Y 2d 143) and subsequent decisions.
Plaintiff contends that the assertion of a counterclaim is not an automatic right, and that the within case is clearly distinguishable from the Dole v. Dow principle. Plaintiff also contends that the counterclaim and cross claim do not assert allegations sufficient to sustain a cause of action.
Defendant asserts that the counterclaim and cross claim are based upon the fact that Maggie Salley owed a duty to the infant to protect and supervise and safeguard him from known dangers, and that she knowing of the existence of the dangerous and deadly conditions herein permitted the infant over a period of time to be poisoned.
In Morales v. Moss (N. Y. L. J., Dec. 20,1972, p. 17, cols. 5, 6) an analogous situation, the court said, “ The court is aware of the liberal interpretation to be given to pleadings broadly phrased with general allegations of negligence. Nevertheless, whenever an infant is injured in his home, in the streets, or elsewhere, the court will not readily subject his parents and/or guardian to automatic counterclaims or cross-complaints under the new Dole doctrine. The court will look carefully, as it must * * * to find allegations of special facts and circumstances which require special responsibility on the parts of parents * * * to attend their child at the time of an alleged occurrence. Where these particular allegations are not set forth, this failure will render the pleadings vulnerable (see,.. Morrero v. Just Cab Corp. [71 *621 Misc 2d 474] supra).” In the same vein, the court in Fake v. Terminal Hardware (73 Misc 2d 39, 40), stated, “As a result of Dole both * * * and parent should be responsible for their respective degrees of negligence which proximately caused the infant’s injuries. But to reach this determination the special facts and circumstances of what the parent did or failed to do have to be alleged as well as the age, the degree of intelligence and mental and physical capacity of the infant. Absent such special circumstances the -complaint is defective.”
The defendant has attempted to do by affidavit what he has failed to do in his pleadings.
Accordingly, the motion of the plaintiff to dismiss the counterclaim and cross claim -of the defendant Emanuel Weiss against her is granted without prejudice to an application at Special Term, Part I, for leave to serve an amended answer, setting forth a sufficient counterclaim.