Harold J. Hughes, J.
In this action by an infant for personal injuries and by his father for loss of services and medical expenses, defendant has moved for leave to serve an amended answer asserting a counterclaim against the father based on his alleged failure to supervise the infant and seeking an apportionment of defendant’s liability to the infant, if any, pursuant to Dole v. Dow Chem. Co. (30 N Y 2d 143).
The complaint alleges that defendant negligently operated her automobile upon a public highway abutting the plaintiffs’ residence as to strike and injure the infant pedestrian. The proposed amended answer alleges that the infant, four and one-half years of age, darted into the highway into thé path of defendant’s car, and that the infant’s injuries were caused, wholly or in part, by the father’s failure to properly supervise the child.
As Mr. Justice Mahoney observed in Holodook v. Spencer (73 Misc 2d 181), the question posed by this motion would not have arisen before the decision in Dole v. Dow Chem. Co. (30 N Y 2d 143, supra), since the named defendant, being an active tort-feasor, would not be permitted to seek indemnification from any joint tort-feasor. Dole abolished the active-passive test, and now a party named in a negligence action may, by impleader or counterclaim, join any other person he claims caused or contributed to the plaintiff’s injury to obtain indemnification or contribution based on their respective degrees of fault.
In Sorrentino v. United States (344 F. Supp. 1308), Dole was combined with Gelbman v. Gelbman (23 N Y 2d 434), which had abolished the defense of intrafamily tort immunity for nonwillful torts, to permit the defendant owner of a vehicle which had struck an infant bicyclist to assert a counterclaim and third-party complaint against the infant’s parents for negligent supervision.
The courts of this State have been reluctant to follow the rationale of the Federal court, for the result conflicts' with the policy against imputing a parent’s negligence to an infant plaintiff (General Obligations Law, § 3-111; see Collazo v. Manhattan & Bronx Surface Tr. Operating Auth., 72 Misc 2d 946).
•Some Judges have found that Sorrentino v. United States (344 F. Supp. 1308, supra) was based on a misinterpretation of the Gelbman decision (23 N Y 2d 434, supra), which they read as permitting an infant to sue a parent only when the *281 latter is protected against personal liability by compulsory insurance (Kiernan v. Jones, 73 Misc 2d 829). However, this court has rejected such a narrow interpretation of the Gelbman holding (Orphan v. Relyea, 73 Misc 2d 1098; accord: Hairston v. Broadwater, 73 MisC 2d 523; Holodook v. Spencer, 73 Misc 2d 181, supra).
Another line of cases has rejected counterclaims seeking contribution from the parent for failure to allege facts showing that the parent had a duty to supervise the child (Fake v. Terminal Hardware, 73 Misc 2d 39; Bilgore v. Rennie, 72 Misc 2d 639; Marrero v. Just Cab Co., 71 Misc 2d 474). In Collazo v. Manhattan & Bronx Surface Tr. Operating Auth., 72 Misc 2d 946, 949, supra), Mr. Justice Fein questioned whether a child could recover from his parents for injuries resulting from their inadequate supervision, there being no case so holding. However, the lack of authority is explained by the fact that, before Gelbman v. Gelbman (23 N Y 2d 434, supra), a child could not sue his parents for nonwillful torts. It has long been recognized that parents, during their children’s early years, have a duty to exercise reasonable care to protect them from injury (Mangam v. Brooklyn R. R. Co., 38 N. Y. 455). A failure to perform this duty would constitute contributory negligence barring any recovery by the parent (Albert v. Albany Ry. Co., 5 App. Div. 544), and, if the child were non sui juris, the negligence of the parent was imputed to the child, barring the latter’s recovery (Novak v. State of New York, 199 Misc. 588). This latter rule has been abrogated by statute (General Obligations Law, § 3-111, formerly Domestic Relations Law, § 73). The parent’s obligation to the child is commensurate with the risks reasonably to be perceived, and terminates when the child attains sufficient maturity to exercise reasonable care for his or her own safety (Mangam v. Brooklyn R. R. Co., supra). The child’s age does not alone determine its capacity to care for itself and avoid dangers which threaten (Camardo v. New York State Rys., 247 N. Y. 111), though some cases hold that an infant under four years is incapable of providing for his own safety (Verni v. Johnson, 295 N. Y. 436; and see Ehrlich v. Marra, 32 A D 2d 638).
However, since the question is ordinarily a factual one, this court agrees with the result reached in Holodook v. Spencer (73 Misc 2d 181, 183, supra): “If an infant is 16 years of age or older and not mentally or physically deranged, then a Dole cross claim or third-party action against a parent should not be permitted to be maintained, on the practical ground that the *282 infant is capable of providing for Ms own safety. Such an action should lie as of right where the infant is non sui juris as a matter of law, and, in those instances where the infant’s abilities to care for himself are subject to proof, the motion to plead the Dole actions should be granted and the maintenance of the apportionment actions left to the jury as a factual issue. In the instant case, the infant is between four and five years of age. While there is some authority that a child of that age is non sui juris as a matter of law (Ehrlich v. Marra, 32 A D 2d 638, supra), that question may be passed upon by the Justice presiding at the trial.
Defendant’s motion for permission to serve an amended answer is granted, without costs.