Mabshall E. Livingston, J.
This is a motion to dismiss a third-party complaint by third-party defendants in yet another aspect of the impact of Dole v. Dow Chem. Co. (30 N Y 2d 143) upon intrafamilial relations.
Mary Hogestyn employed Michael Northrop, then aged 12 years, to mow her lawn on West Lake Boad, Honeoye Lake, in Ontario County, New York, on May 22, 1971. He was to use. a power lawn motor which she owned. Apparently Michael’s brother, David, then about three weeks shy of his eighth birthday, accompanied Michael to the Hogestyn residence. While Michael was mowing the lawn, the power mower east a stone about 2% inches long and a little over one inch thick that struck David in his left eye so that it thereafter had to he enucleated, and replaced with an artificial one.
Clifford Northrop "brought an action against Mary Hogestyn on behalf of David and himself, alleging violations of sections 130 and 131 of the Labor Law and perhaps other laws.
Mary Hogestyn, in her answer, counterclaimed against Mr. Northrop, alleging his negligence in failing to supervise David at the time he was hurt. She also commenced a third-party action against David’s mother, Bose Marie Northrop, on the same theory, and against Michael Northrop for Ms alleged negligent operation of the power mower.
The motions to strike the counterclaim and third-party complaint against Mr. arid Mrs. Northrop are granted.
The motion to strike the third-party complaint against Michael Northrop is denied.
Dole v. Dow Chem. Co. (30 N Y 2d 143, supra) now permits all types of tMrd-party actions previously barred. Gelbman v. Gelbman (23 N Y 2d 434) permits cMldren to recover against parents for nonwillful torts, although third-party defendant here argues its impact is limited to automobile negligence cases. I do riot agree, but it is of no moment because the ease at bar in my .view never reaches that problem.
Here we are concerned with two brothers who have the same capacity to act for themselves as other 8- arid 12-year-olds of *488 similar intelligence. They are sui juris. They presumably attend school, church and various functions in company with others of their own age. They are within the jurisdiction of the Family Court of the State of New York (Family Ct. Act, § 712) and subject to its supervision.
Several cases have considered the responsibilities of parents in relation to supervision and. control over their children. In my judgment parents have no duty to keep under surveillance and thereby be responsible to their seven- and eight-year-old children for injuries they sustain absent a claim of special circumstances, such as mental or physical disability or where a child is non sui juris (see Marrero v. Just Cab Corp., 71 Misc 2d 474; Bilgore v. Rennie, 72 Misc 2d 639; cf. Holodook v. Spencer, 73 Misc 2d 181; Fake v. Terminal Hardware, 73 Misc 2d 39).
Defendant’s answer and third-party pleading here charges the parents “in failing to properly supervise the movements of their infant son * * * and in permitting him to be where he was at the time of the alleged accident, exposing him to the possible hazards of personal injuries ”, This pleading is insufficient, inasmuch as the infant plaintiff is about eight years old.
The third-party action against 12-year-old Michael is another matter. It states a cause of action and must await the proof upon the trial. Actually David could have sued Michael in the first instance along with Mrs. Hogestyn (Rozell v. Rozell, 281 N. Y. 106).