John W. Sweeny, J.
This is another one of the legion of questions raised at the Special Term and trial level by Dole v. Dow Chem. Co. (30 N Y 2d 143) but as yet not definitively answered by the appellate courts.
Plaintiff has moved to dismiss defendant’s counterclaim for indemnification asserted against the plaintiff parent of the seven year, eight-month-old infant plaintiff who was injured while playing on a public street. The counterclaim is alleged in one broad sweeping allegation that there was lack of parental supervision and instruction.
If a child is alleged to have been four years old or below at the time of the accident and therefore non sui juris as a matter of law, the age of the child is in and of itself a special circumstance which creates a special responsibility for a parent to supervise and therefore also creates a recognizable cause of *941 action over against the parent under Dole v. Dow Chem. Co. (supra).
However, it is this court’s opinion that no causé of action is stated in a counterclaim against a parent of a child which is not non sui juris as a matter of law when that pleading only vaguely alleges lack of parental supervision. To permit such an automatic counterclaim without allegations of what special circumstances existed which imposed a special responsibility upon the parent of a child who is over four years of age would be to invite the flood of pleadings predicted by the court in Fake v. Terminal Hardware (73 Misc 2d 39) and Marrero v. Just Cab Corp. (71 Misc 2d 474). The ultimate result would be a situation where every parent would have to defend the supervision of his child in every street accident merely because the child was unattended (cf. Collazo v. Manhattan & Bronx Surface Tr. Operating Auth., 72 Misc 2d 946).
Accordingly, since we are dealing here with a child who is not as a matter of law non sui juris (cf. Torres v. Vizzare, 32 A D 2d 663), no cause of action has been stated in the counterclaim as it presently stands and it is therefore dismissed.
Defendant is granted leave to serve, within 30 days of the date hereof, an amended answer setting forth whatever special circumstances allegedly existed which would have created a special responsibility to supervise this infant plaintiff at the time of the accident.