### (April 8, 1974)

FRANCISCO MORALES, an Infant, by His Father and Natural Guardian, ROMUALDO MORALES, et al., Respondents, v. David Moss et al., defendants, and PENTAGON PAINT CO., INC., Appellant.— In a negligence and breach of warranty action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses, etc., of his father, defendant Pentagon Paint Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated January 4, 1973, as granted the branch of plaintiffs' motion which was to dismiss said defendant's counterclaim against the plaintiff father, with leave to move for permission to replead. Order affirmed insofar as appealed from, with $20 costs and disbursements, on the authority of *Lastowski* v. *Norge Coin-O-Matic* (44 A D 2d 127).

Latham, Shapiro and Brennan, JJ., concur; Christ, J., concurs in the result, with the following memorandum: There may be evidence enough in this case to require the plaintiff father-natural guardian to share the burden of liability with appellant. Nevertheless, I concur in the affirmance of the dismissal of the weak counterclaim, since permission was also given appellant to move at Special Term to state with more specification a sufficient cause of action. If facts can be established to show that the father knowingly painted the walls of the place where the infant was living, with paint known to be injurious to children, a question of affirmative negligence would be raised. If the father stood by and watched the young child eating poisonous paint without stopping him, there would be such a failure of supervision as to give rise to a cause of action. Every parental failure of supervision even though resulting in child injury is not actionable. On the other hand, parental failure of supervision may be so gross as to give rise to a good cause of action. Parents do not hold a blanket immunity for failure to supervise. It is the responsibility of the trier of the facts to apply the tests of negligence and answer the questions of due care. Did the parent act as a reasonably prudent person would have acted under the same circumstances is the ever present question in these cases. The parent-child relationship is a circumstance to be considered. Under the rule of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) a very broad discretion is of necessity left with the trier of the facts in fixing the proportion of liability to be assessed against each joint feasor. The determination of negligence is not more difficult and the burden of deciding whether the failure to supervise in a given case is negligence blends easily with burden to apportion in a *Dole* case such as this. Gulotta, P. J., dissents and votes to reverse the order insofar as appealed from and to deny plaintiffs' motion insofar as it was to dismiss the counterclaim of defendant Pentagon Paint Co., Inc., against the plaintiff father, with the following memorandum: This case involves a question similar to that being decided herewith in *Lastowski* v. *Norge Coin-O-Matic* (44 A D 2d 127), although here the father's involvement in the alleged negligence causing the infant's injury is more pronounced. The essence of the charge is that the infant plaintiff, who was 4½ years old at the time of the accident, on or about June 24, 1970, ingested paint chips, flakes and particles in an apartment in which he and his father were tenants, as a result of which he contracted lead poisoning. The owner-landlord, the retailer of the paint and the manufacturer, appellant Pentagon Paint Co., Inc., were made parties defendant. Relying upon the principle of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), both the retailer and Pentagon counterclaimed against the father for an apportionment of damages in the event the infant recover against them, the ground for this being that, although the owner supplied the paint, it was actually the father who applied it to the apartment. Special Term granted plaintiffs' motion to dismiss these counterclaims, with leave to plead over "setting forth a sufficient cause of action." Only Pentagon appealed. Thus this case is not concerned solely with negligent supervision. The opinion of Special Term found the counterclaims deficient, because there were no special facts and circumstances alleged showing a special responsibility on the part of the father, citing *Marrero* v. *Just Cab Corp.* (71 Misc 2d 474), in which a motion for permission to serve an amended answer to include a counterclaim against the plaintiff parent alleging lack of supervision as a contributing factor was denied. That case involved nothing more than allowing an eight-year-old child to go on the street unattended. While I might agree with the result reached in *Marrero* had this been the total factual proof presented upon a trial or on a motion for summary judgment, for the reasons developed

in my dissent in *Lastowski* (*supra*) I do not think the disposition in that case should have been made on a motion to add a counterclaim as abovementioned. The shortcomings in that approach are well illustrated by the present case where the question is really not one of negligent supervision, i.e., how closely the 4½-year-old should have been supervised to see that he did not chew on painted woodwork, but rather how negligent the father was in painting the apartment with a lead-based paint and whether he was sufficiently negligent so that he should share in the consequences. The question of parental discretion is not involved. This, as it seems to me, is the kind of question a jury should pass upon. The hazard of lead poisoning from paint has become widely known in recent years. The legislative findings (L. 1970, ch. 338, § 1) made in connection with the adoption of Title X of article 13 of the Public Health Law state in part: "1. The occurrence of the disease of lead poisoning in children has become a major public health concern. Severe lead poisoning cases result in death or mental retardation. It is estimated that children in our nation with abnormally high blood levels of lead number in the hundreds of thousands. Many thousands of children in the cities of our state are actual or potential victims of lead poisoning. The disease of lead poisoning is most prevalent in areas of old and deteriorating housing where leaded paint and plaster in a peeling condition is accessible for ingestion by young children." Section 1372 of the Public Health Law (part of said Title X) provides: "Use of leaded paint. No person shall apply paint containing more than one per centum of metallic lead based on the total non-volatile content of the paint to any interior surface, window sill, window frame or porch of a dwelling." Compare this case to *Salley* v. *Weiss* (74 Misc 2d 619), also a paint chip case, where the basis of the counterclaim against the mother, which was dismissed, was exclusively nonsupervision, since she had not applied the paint. It would seem fairly obvious that the only way to have dealt with such a hazard was to remove the poison paint from the dwelling area, or not put it there in the first place, since no amount of reasonable supervision could have prevented the young child from eating it. These measures were exclusively the responsibility of the defendant. Therefore, although I again might agree with an ultimate dismissal on the proof, pleadings should be liberally construed permitting a party the opportunity to develop the facts. Any attack on the counterclaim should await pretrial disclosure, whereupon a motion may be made for summary judgment (see discussion of *Hairston* v. *Broadwater* by Dean Joseph M. McLaughlin, N. Y. L. J., May 11, 1973, p. 1, col. 1; p. 4, col. 3 [last par.]). It is true that the blanket rule of nonliability is simple to apply, but it has little to commend it from the standpoint of over-all fairness. There may be difficulties in fashioning a rule which will preserve freedom of management of the child on the part of the parent, short of granting blanket immunity, but the difficulties of formulating a just rule should not dissuade us from trying. I therefore vote to reverse the order insofar as appealed from and to deny the motion insofar as it was to dismiss the counterclaim of defendant Pentagon Paint Co., Inc., against the plaintiff father.