OPINION OF THE COURT
Michael F. McKeon, J.
In a case of apparent first impression in New York, plaintiff sues for damage to his motor vehicle which he claims was *684 caused by a rock propelled by a lawnmower owned by the defendant Elks Club and operated by a member of the Elks.
Plaintiff, while pulling out onto State Street in the City of Auburn, from Diego’s Auto, a business directly across the street from the Elks, heard his driver’s side window be struck by an object which he believed was a rock propelled by a lawnmower being operated by a Ron Eastman, a member of the Elks. The plaintiff testified that he did not see the rock which struck his window, nor did he observe the rock being propelled by the lawnmower. The basis for his belief is that he did not observe any vehicles passing by his vehicle in the opposite direction which could have propelled a rock. Rather, he observed the lawnmower cutting the lawn at the Elks near an unpaved portion of a parking area in the vicinity of his vehicle just prior to his vehicle’s window being struck.
While this court did find one New York case which recognized that a cause of action exists for injuries sustained from a rock propelled by a lawnmower (see Northrop v Hogestyn, 75 Misc 2d 486 [1973]), the court was unable to find a New York case reaching a decision on the merits.
Courts in other states, however, have reached decisions in cases factually similar to the case at bar. In Loonan Lbr. Co. v Wannamaker (81 SD 51, 131 NW2d 78 [1964]), plaintiff’s window was damaged by a rock propelled from a lawnmower. In finding the operator negligent, the court concluded that the operator was mowing in an area with numerous rocks and stones and the operator was aware of the presence of loose rocks and that, being so aware, he knew or should have known that a power mower could pose a danger to surrounding properties.
In Jones v St. Louis Hous. Auth. (726 SW2d 766 [Mo 1987]), an independent contractor hired by the housing authority was liable for the death of a child struck by a stick propelled by the contractor’s lawnmower because the proof showed that the contractor was aware of the wooden debris in the area mowed as well as being aware of the propensity of the mower for propelling objects.
Conversely, in Cochran v David (378 So 2d 1100 [Ala 1979]), the court dismissed a claim for damages because no evidence was presented that the lawnmower had discharged debris on previous occasions and, further, evidence was presented that the rocks and debris were cleared from the mowing area prior to work commencing.
In the case herein, other than presenting proof of his damages, plaintiff presented no proof that the Elks was in any way *685 negligent in the operation of the lawnmower. Absent any proof that the area mowed was full of rocks and debris and thus potentially posed a danger to passing motor vehicles of which the operator was aware or should have been aware or that the operator mowed the lawn in such a way as to increase the risk of objects being propelled by the mower onto the public highway, this court concludes that the plaintiff has failed to sustain his burden of proof by a preponderance of the evidence that the Elks was negligent in the operation of the lawnmower.
Accordingly, plaintiff’s claim is hereby dismissed without costs.