■ STEFAN JUSZCZAK, an Infant by ADAM JUSZCZAK, His Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendant. — In an action to recover damages for personal injury, medical expenses, etc., the appeal is from a judgment of the Supreme Court, Kings County, entered January 23, 1967 in favor of plaintiffs against appellant, upon a jury verdict. Judgment reversed, on the law and the facts, without costs, and new trial granted as against defendant City of New York. In our opinion, the finding of negligence implicit in the jury's verdict is against the weight of the credible evidence (*Frost* v. *New York City Tr. Auth.*, 29 A D 2d 978; cf. *Scanlon* v. *Temple*, 297 N. Y. 516; *Meadows* v. *Pless*, 27 A D 2d 747; *Acevedo* v. *City of New York*, 15 A D 2d 899, affd. 17 N Y 2d 843; *Wallach* v. *Gray's Sons*, 244 App. Div. 873; *Brianzi* v. *Crane Co.*, 196 App. Div. 58). *Day* v. *Johnson*

(265 App. Div. 383) is not controlling. In that case, there was sufficient evidence to support a finding that the defendant was operating his vehicle "at a rate of speed far in excess" of the limit permitted by law (p. 386). *Herbst* v. *Balogh* (7 A D 2d 530) is distinguishable. In that case, the driver actually observed children crossing the street in front of her vehicle prior to the accident, but failed to sound her horn. If upon the retrial of this action it shall appear that sufficient facts have been shown to raise an issue of fact as to whether the infant plaintiff's father acted reasonably in his care and supervision of the child immediately prior to the accident, the jury should be charged that contributory negligence on the part of the father will bar a derivative recovery by him (see *Miller* v. *Rankin,* 10 A D 2d 695; *Fitzpatrick* v. *State of New York,* 195 Misc. 762; *Bailey* v. *Roat,* 178 Misc. 870; Prosser, Torts [3d ed.], p. 916). Brennan, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.