Sebastian **SORRENTINO, Jr.,** etc.,
Plaintiffs,

v.

**UNITED STATES of America and Harry
Proctor, Defendants.**

No. 71 C 617.

United States District Court,
E. D. New York.

July 7, 1972.

Michael F. Crawford, Brooklyn (Robert A. Morse, U. S. Atty., of counsel), for the Government.

Sidney R. Siben, Bay Shore (Siben & Siben, Bay Shore, of counsel), for plaintiffs.

MEMORANDUM and ORDER

DOOLING, District Judge.

The plaintiffs' action, instituted on May 21, 1971, alleges that while the infant plaintiff, Sebastian Sorrentino, Jr. was, on May 22, 1968, riding his bicycle on a public highway, a negligently oper-

ated Department of Agriculture motor vehicle struck and injured him. The defendant United States answered on September 10, 1971, and pleaded the infant plaintiff's negligence as a complete defense.

The complaint embraces, in addition to the infant plaintiff's claim, the claim of his father, Sebastian Sorrentino (who is also the infant plaintiff's guardian *ad litem*) for medical care of the infant plaintiff and loss of the infant plaintiff's services. Contributory negligence of the *father* was not pleaded.

The Government moves for leave to amend its answer to expand the first separate and complete affirmative defense to allege that whatever injuries the plaintiffs sustained were caused solely by the negligence of the infant plaintiff and of his parents. In addition the amended answer would set forth a counterclaim against the plaintiff father and a third-party complaint against the plaintiff father and his wife, Gloria Sorrentino, claiming that they, as parents of the infant plaintiff, were charged with the infant plaintiff's care and supervision, that they—negligently—permitted him to ride a two-wheeled bicycle in the street without adult supervision, and that, if the accident did not happen solely by reason of the infant plaintiff's own negligence, it was attributable to the negligence of the child's parents in failing to supervise him and in allowing him to traverse public streets when he was too young to care for his own safety. The counterclaim further asserts that the alleged negligence of the parents was active, overt and primary, and that any negligence of the Government was secondary and passive. The Government accordingly demands judgment-over for the entire amount of any recovery made against it.

In the light of Dole v. Dow Chemical Co., 1972, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288, and Kelly v. Long Island Lighting Co., 1972, 31 N.Y.2d 25, 334 N.Y.S.2d 851, 286 N.E.2d 241, the Government's motion must be granted. Under *Dole* the infant plain-

tiff is free to sue the United States alone, and to recover all his damages from it if its negligence (however slight in quality of delict) was a substantial factor in bringing about the plaintiff's injury and damage (provided the infant was not himself relevantly negligent). The Government under *Dole*, if it can show that parental negligence was partly causative of the infant's injury and damage, can recover from the parents so much of the entire damage for which it may be held liable as is apportionable to the contribution of negligence of the parents compared with the Government's contribution of negligence. As the Court pointed out in *Dole*, the apportionment is in terms of the factual disparity (if any) between the delinquencies of the Government and the parents if both were delinquent and if the joinder of their delinquencies is responsible for the child's injury and damage. *Kelly* is equally clear that *Dole* permits apportionment of damages among concurrent tort feasors regardless of the degree or nature of the concurring faults, and it, too, requires the allocation of responsibility for the loss in proportion to the parties' contributions of concurring fault.

The consequences that follow in the present case are both seemingly inevitable and, perhaps, somewhat upsetting. It is now the law of New York that a child may sue his parents even for non-wilful torts, including ordinary negligence. Gelbman v. Gelbman, 1969, 23 N.Y.2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192. For all that appears the plaintiff father, apparently a home owner, has liability insurance, and, once brought into the action as a potentially contributing third-party defendant, may be placed in the posture of having three roles in the case, one as individual plaintiff, another as third-party defendant, in which he has different representation, and a third as guardian *ad litem* for the infant plaintiff. In these circumstances, as plaintiff's counsel has indicated, he may wish to re-examine the problem of representation, notwithstanding that the

existence of the parent-father's claim for loss of services and for medical expense continues as a live claim in the case which the plaintiff-father will wish to press. That claim is, and the amended answer now makes the point, subject to the defense of the individual contributory negligence of the parent-father, if any there was, so that the issue of parental negligence is inevitably in the case. Plaintiff's counsel indicated that he might, as has been done in other situations, consider the substitution of a guardian *ad litem* for the infant plaintiff who could not in any way be involved in the merits of the action. See Juszczazak v. City of New York, 2d Dept. 1969, 32 A.D.2d 824, 302 N.Y.S.2d 375 (child run down by motorist who saw child before contact but failed to sound horn; on retrial jury to be charged that contributory negligence of father bars a derivative recovery by him if father failed to act reasonably in care and supervision of child immediately before accident).

While, therefore, the *Dole* and *Kelly* decisions, viewed at their narrowest, will require procedural disentanglement in the present case, there are also some cautions. Neither *Gelbman* nor *Juszczazak* necessarily clearly implies that where the issue is one of parental supervision of child-play, parents are directly liable to their own children for custodial and supervisory negligence. Parental failure to perform that intrafamilial responsibility could be conceived as exposing a parent to a defense of contributory negligence when the parent sues for the parent's own loss arising out of injury to the allegedly negligently supervised child, and it could also be conceived as creating a responsibility to assume (as against a third party) a share of third party responsibility for the total injury inflicted on the child as a consequence of the concurring negligences of the third party and the parent, without at the same time and automatically subjecting the parent to a direct responsibility to the child for parental negligence in so intimate an aspect of the in-

trafamilial duties of custodianship and supervision. Some aspects of that intrafamilial relation might yet be thought to involve considerations which it would not be politic to leave to the adjudication of courts or, indeed, of any public authority. That, however, has no application in this case which appears to fall within the area outlined by such cases as *Juszczazak*.

One further point appears: the analysis of *Dole* and *Kelly* suggests that a view of contributory negligence which makes it an absolute bar to a plaintiff's recovery cannot survive. To the plaintiff whose negligence contributes to the accident along with the negligence of the defendant a portion of the responsibility would be assigned, leaving to the defendant responsibility only for so much of the damages inflicted through the concurrent negligences as could fairly be ascribed to the defendant's separate negligence. Accordingly it will be necessary for counsel in the present case to bear this point in mind so that before the final submission of the case for determination, the applicability of the comparative negligence rule can be examined in the light of any later New York cases and, in the absence of decisive authority, argued for determination in principle.

It is, accordingly,

Ordered that the defendant's motion to amend the answer is granted; the amendments should, however, include deletion of the defense tendered on behalf of the operator of the Department of Agriculture motor vehicle, inasmuch as it is now agreed that he was acting within the scope of his authority at the time and place in question and he has been stipulated out of the case; the amended answer need not be in precisely the form presented on the motion but may contain such further amendments as appear appropriate in the light of the discussion at the time the motion was argued.