LAWRENCE J. MORENO et al., Respondents, v. MARTIN GALDORISI et al., Appellants.

Second Department, October 24, 1972.

*Louis J. Castellano, Jr.,* for appellants.

*Henesy, Kerwick & Hodges (H. William Hodges, III,* of counsel), for respondents.

BRENNAN, J. The defendants, Martin Galdorisi and Anthony Galdorisi, appeal from an order denying their motion for leave to serve a second amended answer alleging a second counterclaim against plaintiff Lawrence J. Moreno.

The action was instituted by Lawrence J. Moreno and Annette M. Moreno, his wife, to recover damages for personal injuries and loss of services. The action arose out of an accident which occurred on August 24, 1968 in which an automobile owned and operated by Lawrence J. Moreno was in an intersection collision with an automobile owned by defendant Anthony Galdorisi and operated by defendant Martin Galdorisi. Moreno's wife was a passenger in his automobile. The defendant operator testified at his examination before trial that the plaintiff operator did not stop for a full stop sign controlling traffic on the highway on which he was proceeding. For reasons affecting coverage, the plaintiff wife sought no recovery against her husband.

Following the decision of the Court of Appeals in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143 [dec. March 22, 1972]) the defendants made the motion under review to serve a second amended answer including a counterclaim against plaintiff Lawrence J. Moreno for judgment apportioning negligence and damages between him and the defendants in the event the defendants were held liable at the trial to plaintiff Annette M. Moreno. The Special Term denied the motion, stating, " The *Dole* case does not apply to the facts in this action, and in addition, the holding therein does not apply retro-actively [*sic*] ".

In our view, the Special Term erred in reaching this conclusion.

In effect, *Dole* determined that a jury had the right to apportion damages between codefendants based upon their degree of culpability, without regard to whether the alleged negligence was active-passive or primary-secondary. This principle was subsequently reaffirmed in *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25 [dec. June 8, 1972]). The principle enunciated was in no respect confined to a particular factual situation. Since the date of the *Dole* decision the principle has been applied in a construction accident (*Kelly* v. *Long Is. Light. Co., supra*); in vehicular accidents (*Sanchez* v. *Hertz Rental Corp.,* 70 Misc 2d 449 [Sup. Ct., Kings County]); *Yarish* v. *Dowling,* 70 Misc 2d 467 [Sup.

Ct.; Queens County]; *Sorrentino* v. *United States,* 344 F. Supp. 1308 [U. S. Dist. Ct., Eastern Dist., N. Y.]; in a products liability case involving causes of action for negligence and breach of implied and express warranties (*Walsh* v. *Ford Motor Co.,* 70 Misc 2d 1031 [Sup. Ct., Nassau County]); in a premises liability case (*Vaughan* v. *B & B Supermarket,* 39 A D 2d 825); and in an attorney malpractice case (*Langner* v. *Eschwege,* 39 A D 2d 653). (See, also, the enlightening articles by Dean Joseph M. McLaughlin ["New York Trial Practice"], appearing in the New York Law Journal on May 12, 1972, July 13, 1972 and Sept. 8, 1972, noting the extensive impact of the *Dole* decision and its far-reaching ramifications.)

We feel that the *Dole* principle may lend itself fairly and equitably to the present case. We see merit to the defendants' claim, subject of course to proof, that the accident was caused in large part by the negligence of Lawrence J. Moreno, a plaintiff, in operating his motor vehicle through a stop sign. Since the negligence of the operator husband may not be imputed to the wife passenger, in order to recover, plaintiff Annette M. Moreno need only show some negligence on the part of the defendants, regardless of the fact that her husband's culpability in passing the stop sign may far exceed that of the defendants. In such circumstances, and in the event of recovery by plaintiff Annette M. Moreno against the defendants at the trial, we hold that the degree of culpability between the respective operators should be resolved at the trial and the damages apportioned accordingly.

We see no defect in the procedural method employed by the defendants in seeking a determination of culpability and apportionment of damages, i.e., by way of counterclaim against plaintiff Lawrence J. Moreno. If Mr. Moreno were not a plaintiff in this action, the defendants would have a right under *Dole* to commence a third-party action against him as a joint or concurrent tort-feasor. On the other hand, since the plaintiff wife has not chosen to join her husband as a codefendant, a cross claim by the defendants against him would not lie. Under these circumstances we deem it procedurally proper and feasible to assert and invoke the right of indemnity by counterclaim (*Sorrentino* v. *United States,* 344 F. Supp. 1308, *supra*). In *Sorrentino* an infant riding a bicycle was struck by a truck. His father, on behalf of the infant, sued to recover for the child's personal injury and to recover on his own claim for medical expenses. While the action was pending the *Dole* case was decided. As in the case at bar, the defendant Government moved, *inter alia,*

to serve an amended answer asserting a counterclaim against the father and to join the mother of the infant as a third-party defendant, alleging that the parents were responsible for allowing the child to ride the bicycle in the street. In granting the motion, the Federal District Court approved the assertion of the claim for indemnity against the plaintiff father by counterclaim, in addition to that against the mother by third-party complaint, in the pending action (cf. *Lipson* v. *Gewirtz,* 70 Misc 2d 599 [Dist. Ct., Nassau County]).

Nor do we see any substance to the plaintiffs' point '' that the effect of the *Dole* case, *supra,* should not be applied retroactively to create a cause of action for indemnity for all defendants who are presently in litigation or have ever borne a judgment.'' It seems quite clear to us that the procedural effect of *Dole* applies prospectively from the date of that decision on March 22, 1972. Since the right of indemnity is only available to the defendants in the event of recovery against them by plaintiff Annette M. Moreno at the trial in the pending action to be held some time in the future, we are not confronted on this appeal with any question of retroactivity. We do not reach the question as to the application of *Dole* to trials concluded or in which judgment has already been entered.

The order should be reversed and the motion granted, with $10 costs and disbursements. The proposed second amended answer should be required to be served within 20 days after entry of the order to be made hereon.

MARTUSCELLO, Acting P. J., SHAPIRO, GULOTTA and BENJAMIN, JJ., concur.

Order of the Supreme Court, Suffolk County, entered June 20, 1972, reversed, with $10 costs and disbursements, and defendants' motion granted. The proposed second amended answer must be served within 20 days after entry of the order to be made hereon.