Richard A. Kohn, J.
In this action, which was heard by the court alone, plaintiff sues to recover $334.54 damage to his automobile, which was involved in a collision at Western and South Lake Avenues in Albany on November 10, 1971. The court heard the testimony of the plaintiff, Mr. Dixon, the operator of the leased car, Mr. Lentner, and a policewoman. Considering the lapse of time .since the happening of the accident during which she had no occasion to recollect the details and after reviewing her testimony, I am not inclined to give much weight to the policewoman’s testimony, although honestly made, but am resolving the factual issues on the testimony of the two drivers.
Mr. Dixon was in the process of making a lefthand turn from Western Avenue onto Lake Avenue, when he observed the defendant’s vehicle at Cortland Place which he estimated to be 15-car lengths away. While in his turn, he observed pedestrians crossing Lake Avenue, and he accordingly stopped his vehicle to permit them to pass in front of him. He was struck in the right rear fender. Mr. Lentner testified that as he was traveling east on Western Avenue and about five- or six-car lengths from the Lake Avenue intersection, he saw Mr. Dixon turn left into his path. He did not observe directionals signaling a lefthand turn.
On the credible evidence before me, I conclude that Mr. Lentner was negligent in the operation of the defendant’s vehicle in operating it too fast or in failing to keep a proper lookout or to slow or stop his vehicle to avoid collision with plaintiff’s vehicle in front of him. The evidence similarly persuades me that Mr. Dixon was partly .responsible for the happening of the accident, in making his turn at a time when pedestrians *1026 were crossing Lake Avenue which necessitated his stopping in the intersection. Accordingly, if I were to apply the rule of contributory negligence here, I would be compelled to dismiss the complaint.
Recent writings persuade me, however, that the rule of contributory negligence, which denies the plaintiff any recovery even when the slightest degree of contributory negligence is proven, is no longer the law in New York. (Berenger v. Gottlieb, 72 Misc 2d 349 [Civ. Ct. of City of N. Y., 1972]; Sorrentino v. United States, 344 F. Supp. 1308 [E. D. N. Y., 1972].) In well-reasoned opinions, these courts have reached the conclusion that the doctrine of contributory negligence is no longer the law, in light of the landmark decision of the Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143 [1972]). The contributory negligence rule, one of judicial origin, is no longer to be applied. Comparative negligence is now the law-in this State, although it remains for the Court of Appeals to decide what type of comparative negligence is to be applied. (See Murphy, Dole v. Dow Chemical Co.: Thoughts About the Future, 2 Journal of the Insurance, Negligence and Compensa tion Law Section, N. Y. State Bar Assn., pp. 21-22.)
Significantly, in a case decided pre-DoZe, Judge Bergan, speaking for a unanimous court in Rossman v. La Grega (28 N Y 2d 300, 306 [1971]), severely criticized the harshness and rigidities of the contributory negligence rule, commenting: “ The doctrine has, indeed, been long subjected to critical theoretical attack by commentators on the law of torts. Prosser has observed: The history of the doctrine has been that of a chronic invalid who will not die. ’ He concluded: ‘ With the gradual change in social viewpoint, stressing the humanitarian desire to see injuries compensated, the defense of contributory negligence has gradually come to be looked upon with increasing disfavor by the courts, and its rigors have been quite extensively modified.’ (Prosser, Torts [3d ed.], p. 428). The theories justifying application of the doctrine were regarded by Prosser as ‘ the antique heritage of an older day ’ (p. 428).” The pronouncements in Rossman further indicate, to my mind, that the Court of Appeals has, indeed, abrogated the contributory negligence rule.
In the case at bar, it is determined that plaintiff was 30% responsible for the occurrence, and the defendant 70%. By this apportionment, I conclude that plaintiff is entitled to recover for 70% of his damage, computed to be $241.15, for which amount plaintiff may have judgment.