**Madeline Nieland PAONE, Plaintiff,**

**v.**

**AEON REALTY CORPORATION, a corporation, et al., Defendants.**

**AEON REALTY CORPORATION, Third-Party Plaintiff,**

**v.**

**Joan L. STEPHENS, as Administratrix of the Goods, Chattels and Credits, which were of James D. Stephens, Third-Party Defendant.**

**No. 68 Civ. 2643.**

United States District Court, S. D. New York. March 20, 1973.

Baker, Garber, Duffy & Baker, Hoboken, N. J., for plaintiff; by Nathan Baker, Hoboken, N. J., of counsel.

McMahon & Lyons, New York City, for defendants American Broadcasting Companies, Inc. and The Central Savings Bank; by Frank A. Lyons, New York City, of counsel.

William F. Larkin, New York City, for defendant and third-party plaintiff Aeon Realty Corporation.

GURFEIN, District Judge.

A motion is made by defendants American Broadcasting Companies, Inc. ("American") and the Central Savings Bank ("Central") to file and serve a third party complaint pursuant to Fed. R.Civ.P. 14 and to amend their answer pursuant to Fed.R.Civ.P. 15 to bring cross complaints against the codefendants. The defendant Aeon Realty Corporation ("Aeon") cross moved for an order granting it leave to file and serve a third party complaint, pursuant to Rule 14 against the same third parties if the original motion is granted.[1] The plaintiff opposed the motions largely on the ground that to grant them will add complexities to the case and possibly impede settlement. The plaintiff points out that there are two death cases arising from the same accident in the State Supreme Court which should be tried first. She suggests that these trials will dispose of this case as well. But no stipulation to that effect has been tendered. The third party defendants sought to be added are twelve in number.

1. By letter dated March 15, 1973 Aeon apparently suggests a withdrawal of its motion and recommends that the Supreme Court actions mentioned below should be tried first. But there is no assurance that their disposition will surely dispose of this case.

This is a case based on diversity of citizenship. The law applicable is the law of New York. The action sounds in tort and the allegations of the complaint may be simply stated. The plaintiff while a guest of James D. Stephens was seated with Stephens and another man in a hammock on the roof of a multiple dwelling at 55 West 53rd Street. The chimney to which the hammock was attached collapsed. The two men were killed and the plaintiff was injured. Their estates are the plaintiffs in the Supreme Court actions.

The defendant Aeon is the owner of the building. The adjoining premises, 1330 Avenue of the Americas, were owned and occupied by American and Central. That building had been constructed by the defendant First National Realty & Construction Corporation ("First"). The plaintiff alleges that the construction and erection of the adjoining building, 1330 Avenue of the Americas was performed in a negligent manner which weakened the structural integrity of the chimney next door, causing it to fall.

The twelve third party defendants sought to be sued are various contractors and subcontractors involved in the construction of the adjacent building, as well as the architects. The case has been in abeyance on our calendar by agreement pending the outcome of the State cases.

At the time the answer was served the law in the State of New York probably gave an alleged tort feasor no right to seek indemnification in the circumstances under the active-passive theory of negligence. In 1972 the New York Court of Appeals held in Dole v. Dow Chemical Company, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288, that there should be an apportionment of responsibility in negligence where a third party caused a part of the damage for which a defendant is cast in damages. The principle was reaffirmed in Kelly v. Long Island Lighting Company, 31 N.Y.2d 25, 334 N.Y.S.2d 851, 286 N.E.2d 241 (1972). (See also Moreno v. Galdorisi, 39 A.D.2d 450, 336 N.Y.S.2d 646 (2d Dept. 1972) citing cases where the doctrine has been applied.)

The change in New York law is a change in substantive law and we are bound to apply it under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Nor is there any conclusive reason for the mode of trial to be different in our Courthouse from that followed in the State Courthouse. A construction case alleging negligence seems to be a proper case for the application of the rule of apportionment if negligence is found. See Moreno v. Galdorisi, *supra*. Whether any difference in the Federal practice will require different procedures to be followed in the trial can await the event. Fed.R.Civ.P. 42(b) is always available to the District Judge in the furtherance of convenience or the avoidance of prejudice.

In the meantime I see no harm to the plaintiff in allowing the amended third party complaints to be filed and served in the forms set forth in each set of motion papers (if Aeon does not withdraw its motion).[2] Amendments conforming to correct corporate names will also be allowed.

It is so ordered.

2. These claims are ancillary to the main claim and do not defeat the diversity jurisdiction. Dery v. Wyer, 265 F.2d 804 (2 Cir. 1959). See Almenares v. Wyman, 453 F.2d 1075, 1084, n. 12 (2 Cir. 1971), and 3 J. Moore, Federal Practice, ¶ 14.26, at 703 (2d ed. 1970).