■ ANN KATZ et al., Respondents, v. LOWELL M. DYKES et al., Defendants, and JOHN DAWSON, Appellant.— Order, Supreme Court, New York County, entered on December 8, 1972, insofar as it denied the cross motion of defendant Dawson for leave to serve an amended answer asserting a counterclaim against plaintiff, Ann Katz, unanimously reversed, on the law and the facts, without costs and without disbursements, and the motion granted. The amended answer is to be served within 15 days after the date of entry of the order on this appeal. Plaintiff, Ann Katz, and Louis Katz, her husband, a passenger in the vehicle, brought this action against the defendants, the owners and drivers of three other vehicles involved in a multiple car collision on August 5, 1969, on the New England Thruway. Ann Katz and Louis Katz sued to recover damages for personal injuries. Additionally, Louis Katz sought to recover for medical expenses and loss of services as a result of injuries suffered by his wife, Ann Katz. Answers were served before the Court of Appeals rendered its decision in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). Following that decision, defendant Dykes, herein, moved to amend his answer to assert cross complaints against the other two defendants. Defendant, Dawson, made a cross motion for leave to serve an amended answer so as to assert not only cross complaints against the other two defendants but also to interpose a counterclaim against plaintiff, Ann Katz, as the owner and operator of plaintiffs' vehicle. Special Term granted the motion by Dykes, and the cross motion to the extent of allowing cross complaints but denied that portion of

Dawson's cross motion seeking to include a counterclaim against plaintiff Ann Katz. The denial was predicated on the conclusion that *Dole* v. *Dow Chem. Co.* was intended to apply only to cross claims between joint tort-feasors, i.e., third-party plaintiffs and defendants or codefendants and did not contemplate the service of a counterclaim by a defendant against a plaintiff. In our opinion that holding unduly circumscribed the scope of the rationale of *Dole* v. *Dow Chem. Co.* In *Moreno* v. *Galdorisi* (39 A D 2d 450), an action by plaintiff husband and his wife, a passenger in the vehicle, against the owner and operator of a colliding vehicle, the defendants were permitted to serve an answer containing a counterclaim against the husband-operator. Since the negligence of the husband-operator may not be imputed to his passenger wife, the action of the court permitted a resolution of the degree of culpability between the operators of the respective vehicles should there be a recovery by plaintiff passenger against the defendant. (To the same effect see *Cadran* v. *Fanni*, 72 Misc 2d 1; *Yarish* v. *Dowling*, 70 Misc 2d 467; *Sorrentino* v. *United States*, 344 F. Supp. 1308.) Therefore, under the circumstances herein, defendant Dawson should have been permitted to assert a counterclaim against plaintiff Ann Katz. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Lane, JJ.