■ DANIEL TAVERNIER, Plaintiff, v IRVING J. TONER, as President and Treasurer of Warsaw Television Cable Corp., et al., Defendants and Third-Party Plaintiffs-Appellants. JOHN B. ELLIOTT, Third-Party Defendant-Respondent. (Appeal No. 1.)— Order unanimously reversed on the law with costs and motion denied. Memorandum: The court erred in dismissing the third-party complaint as time barred. Claims over for contribution and indemnification do not accrue until the party interposing the claims has paid on the underlying claim *(see,* Siegel, NY Prac § 162, at 203-204). Since it is not disputed that judgment for plaintiff on the underlying claim has not been entered, much less paid, the third-party claims have not yet accrued *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 470, n 2; *McDermott v City of New York,* 50 NY2d 211, 217-218; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49, 54; *Klinger v Dudley,* 41 NY2d 362, 369; *Blum v Good Humor Corp.,* 57 AD2d 911). The argument of third-party defendant that the third-party claims do not state a cause of action was raised for the first time on appeal and is thus not properly before the court. His motion to dismiss was based solely on Statute of Limitations grounds. With respect to third-party

defendant's failure to submit the order of dismissal within 60 days of the court's decision *(see,* 22 NYCRR 202.48 [b]), reversal of the order of dismissal and reinstatement of the third-party claims render that matter moot. Therefore, the appeal from the court's order excusing the untimely submission is dismissed as academic. (Appeal from order of Supreme Court, Erie County, Joslin, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.