■ ARG TRUCKING CORPORATION, Appellant, v AMERIMART DEVELOPMENT COMPANY et al., Respondents, et al., Defendants. [754 NYS2d 497] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered October 31, 2001, which, inter alia, granted the motion of defendants Amerimart Development Company, Bernie Ferer, and Harold Geiger for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiff's cross motion seeking leave to amend the complaint to include the proposed second cause of action upon condition that plaintiff shall serve the proposed first amended complaint within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: It is undisputed that plaintiff mistakenly delivered gasoline to a kerosene tank at a gas station allegedly owned and operated by Amerimart Development Company, Bernie Ferer and Harold Geiger (defendants). A homeowner thereafter purchased what he believed to be kerosene at the gas station and, when he used the tainted kerosene in his home, a fire erupted and destroyed the home and its contents. The homeowner and his mother, who resided with him (hereafter referred to as the injured parties), executed limited releases in favor of plaintiff with respect to any claim for personal injuries. They also executed an "Agreement" and an "Assignment," pursuant to which they accepted $128,000 from plaintiff in exchange for an assignment of all of their interest and rights in and to the claims for property damage. The Agreement also provided that plaintiff shall have no further responsibilities or obligations to the injured parties except as expressly provided in the Agreement.

Supreme Court properly granted defendants' motion for summary judgment and thus the first cause of action was properly dismissed, but the court erred in denying that part of plaintiff's cross motion seeking leave to amend the complaint to add a second cause of action. Plaintiff's first cause of action, seeking contribution from defendants, is barred pursuant to General Obligations Law § 15-108 (c) based upon the documents executed by the injured parties relieving plaintiff of any obligation to them (*see Gonzales v Armac Indus.*, 81 NY2d 1, 7; *Matter of Horizon Ins. Co.*, 214 AD2d 447, 448, *lv denied* 86 NY2d 706; *cf. Reynolds v Morka Enters.*, 82 AD2d 199, 201-202, *lv denied in part and dismissed in part* 55 NY2d 857, *lv dismissed* 55 NY2d 605; *see generally* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:6). We reject plaintiff's contention that the first cause of action is not barred pursuant to section 15-108 (c) because it seeks indemnification rather than contribution from defendants. In order to succeed on a cause of action for indemnification, plaintiff would have to establish that defendants are completely liable for the injured parties' loss (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646-647), and here the record establishes plaintiff's own negligence as a matter of law (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Rappold v Snorac, Inc.* [appeal No. 7], 289 AD2d 1044, 1045, *lv dismissed* 98 NY2d 671). Indeed, plaintiff admits in the complaint that it "inadvertently delivered approximately 1,000 gallons of gasoline into an underground storage tank for kerosene." Thus, even assuming, arguendo, that the first cause of action seeks indemnification, we conclude that such relief is not available to plaintiff.

With respect to that part of plaintiff's cross motion seeking leave to amend the complaint, we conclude that the court abused its discretion in denying that part of the cross motion. Plaintiff sought leave to add a cause of action for damages of $7,000, the amount allegedly paid by plaintiff in reimbursing defendants' customers, other than the injured parties herein, for purchases of the tainted kerosene, replacement of home heaters damaged by the tainted kerosene and other miscellaneous expenses. Because the record does not contain any evidence that plaintiff extinguished the rights of those potential claimants through releases or other documents, section 15-108 (c) does not bar that cause of action. Thus, the amendment is not patently lacking in merit, nor have defendants made a showing of surprise or prejudice (*see* CPLR 3025 [b]; *Letterman v Reddington*, 278 AD2d 868; *see also Ken Kinsey, Inc. v Robinson*, 236 AD2d 895). We therefore modify the order by granting that part of plaintiff's cross motion seeking leave to amend the complaint to include the proposed second cause of action upon condition that plaintiff shall serve the proposed first amended complaint within 20 days of service of a copy of the order of this Court with notice of entry. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.