OPINION OF THE COURT
Arthur M. Schack, J.
Plaintiff, the Hanover Insurance Company, as subrogee of E.T. Disch Construction, L.L.C., moves, pursuant to CPLR 3211 (a) (7), to dismiss the counterclaim filed against it by defendants Alisa Construction Co., Inc., Boymelgreen Developers, Inc., Boymelgreen Developers, L.L.C., and Boymelgreen Holdings, L.L.C. (collectively, defendants).
According to the complaint, subrogor E.T. Disch Construction, L.L.C. hired defendants to perform construction work at 318 Albany Avenue, Brooklyn, New York. Thereafter, defendants subcontracted with defendant Capitol Fire Sprinkler Co., Inc. to install a fire suppression system at the 318 Albany Avenue premises. While the construction work was being performed, on or about October 18, 2004, a fitting and sprinkler head on the fire suppression system broke and the premises allegedly sustained $50,120.30 in water damage. Disch, at the time of the incident, was insured under a policy issued by Hanover. Hanover ultimately made payments for the water damage to Disch, pursuant to the policy.
By summons and complaint dated February 15, 2006, Hanover, as subrogee of Disch, brought the instant action against defendants and Capitol seeking to recoup the monies it paid Disch under the insurance policy. In particular, the complaint alleges that the negligence of defendants and Capitol caused the water damage. In addition, the complaint alleges that defendants breached their contractual obligation to ensure that the underlying work was performed in a workmanlike manner.
Defendants, in their answer, assert a counterclaim against Hanover, alleging that the water damage was caused by the negligence of plaintiff and Capitol, and therefore, “[p]laintiff . . . will be liable [to defendants] under the doctrines of apportionment, contribution and indemnification for the full *866 amount of any verdict and judgment, or for a proportionate share thereof.”[1]
Hanover now moves to dismiss defendants’ counterclaim, asserting that if the underlying water damage was caused by Disch’s own culpable conduct or negligence, such negligence would merely result in diminution of Hanover’s damages. Accordingly, Hanover argues that the alleged culpable conduct on the part of its insured, Disch, does not provide the basis for an independent cause of action against Hanover, pursuant to a counterclaim. Hanover maintains that the alleged conduct of Disch merely allows for a comparative negligence claim which, under CPLR 1412, must be pleaded as an affirmative defense.
Hanover correctly notes that a counterclaim must contain facts which set forth a separate and distinct cause of action, and will not be contingent upon the outcome of plaintiffs claims. A counterclaim has to be able to stand alone. (State of New York v Fehlhaber Corp. & Horn Constr. Co., 69 AD2d 362, 374 [3d Dept 1979]; Efdey Elec. Contrs. v Melita, 167 AD2d 501 [2d Dept 1990].) The Appellate Division, Second Department, in Kane v Kane (163 AD2d 568, 571 [1990]), instructed that:
“A defendant may use as a counterclaim any claim she has against the plaintiff whether related or not to the plaintiffs claim (see, CPLR 3019 [d]). ‘A cause of action contained in a counterclaim . . . shall be treated, as far as practicable, as if it were contained in a complaint’ (CPLR 3019 [d]). As was stated in Edelman v Edelman (88 Misc 2d 156, 159) ‘A counterclaim is in essence a complaint by a defendant against the plaintiff and alleges a present viable cause of action upon which the defendant seeks judgment. It is not a responsive pleading merely because it is contained in . . . the answer. It is not a defense. It need have no relationship to the basic cause of action of the plaintiff and indeed the counterclaim may assert any claim which the defendant has against the plaintiff regardless of origin or character. The pleader of a counterclaim is a plaintiff in his own right (Fettretch v McKay, 47 NY 426)’ (see also, CPLR 3019 [d]; Matter of Westchester Express v State Ins. Fund, 151 AD2d 357; Brennan *867 v Mead, 73 AD2d 926).”
Defendants, in opposition to Hanover’s motion, point out that CPLR 1403 specifically allows a cause of action for contribution to be asserted against a plaintiff by counterclaim. Defendants maintain that the subject counterclaim does not seek diminution of damages, but, rather, seeks contribution and apportionment. In addition, defendants note that Hanover, as Disch’s subrogee, is subject to all claims and defenses existing against Disch, including claims for apportionment, contribution and/or indemnification.
CPLR 1412 provides in pertinent part that “[c]ulpable conduct claimed in diminution of damages . . . shall be an affirmative defense to be pleaded and proved by the party asserting the defense.” In this action, although defendants’ counterclaim purportedly seeks apportionment, contribution, and indemnification based upon Disch’s alleged negligence, it is clear that the net effect of any alleged negligence on Disch’s part would merely serve to reduce or possibly eliminate the damages which Hanover, Disch’s subrogee, could recover against defendants. In other words, Disch’s alleged negligence would not provide a basis for any affirmative relief or monetary judgment against Hanover, but would merely allow defendants to weaken or defeat Hanover’s damages claim. Thus, the allegations underlying defendants’ counterclaim merely provide the basis for an affirmative defense of comparative negligence which defendants interpose elsewhere in their answer.
In reaching this conclusion, the court does not disagree with defendants’ contention that a claim for contribution may be asserted against a plaintiff as a counterclaim. As noted above, CPLR 1403 specifically allows such counterclaims. However, such counterclaims are only possible when there is more than one plaintiff, as evidenced by the very authority which defendants cite in their opposition papers, namely, Alexander, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR 1403) and Moreno v Galdorisi (39 AD2d 450 [2d Dept 1972]).
Professor Vincent Alexander, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR 1403, at 550), states:
“CPLR 1403 facilitates the resolution of contribution claims in one action by specifically allowing the defendants to seek contribution by cross-claims and counterclaims against the original parties and by impleading additional parties. In these circumstances, the contribution claim is a permissible hy *868 pothetical cause of action (see CPLR 3014), in which the defendant contends that if he or she is held liable to the plaintiff, then the other party is liable for contribution.” (Emphasis added.)
In the instant action there is no “other party” with respect to defendants’ counterclaim. There is only Hanover as subrogee of Disch.
Similarly, Moreno involved a two-car accident in which the driver and passenger of one vehicle (the plaintiff vehicle) sued the owner and operator of the other vehicle (the defendant vehicle). Although there was evidence that the operator of the plaintiff vehicle was negligent, the plaintiffs passenger did not assert any claims against him. Under these circumstances, the Second Department allowed the defendants to assert a counterclaim seeking apportionment against the operator of the plaintiff vehicle, the other plaintiff, to offset any damages the defendants might have to pay to the passenger of the plaintiff vehicle (Moreno, supra at 452-453). Thus, Moreno is clearly inapplicable to the facts in this case and lends no support to the viability of defendants’ counterclaim.
Conclusion
Accordingly, it is ordered that the motion of plaintiff, the Hanover Insurance Company, as subrogee of E.T. Disch Construction, L.L.C., pursuant to CPLR 3211 (a) (7), to dismiss the counterclaim against it by defendants Alisa Construction Co., Inc., Boymelgreen Developers, Inc., Boymelgreen Developers, L.L.C., and Boymelgreen Holdings, L.L.C., is granted.[2]

. Defendants also asserted an affirmative defense of comparative negligence against Hanover. In addition, defendants pleaded a cross claim against Capitol seeking apportionment and common-law indemnification/ contribution.

. Defendants’ opposition papers request that, in the event the counterclaim is dismissed, the court grant them leave to amend their answer “to reflect any adverse ruling.” However, inasmuch as the answer already contains a comparative negligence affirmative defense, such relief is unnecessary.