[905 NYS2d 505]

CARRIE LISKIEWICZ, Plaintiff, v MARY E. HAMEISTER et al., Defendants.

Supreme Court, Erie County, July 27, 2010

**APPEARANCES OF COUNSEL**

*Bethany A. Rubin* for plaintiff. *Thomas P. Durkin* for defendants.

**OPINION OF THE COURT**

PATRICK H. NEMOYER, J.

Before this court is one of two actions arising from a motor vehicle accident occurring on October 6, 2006 on Broadway at or near its intersection with Brunswick Road in Depew. A vehicle driven by Mary E. Hameister and owned by James A. Corey struck a vehicle that was being driven by Carrie Liskiewicz and in which Diane Maggio was a passenger. The related or parallel action, which is pending before Supreme Court Justice Frederick J. Marshall, was commenced in 2008 by Maggio against Hameister and Corey. The instant action was commenced in 2009 by Liskiewicz against those same individuals.

The instant motion practice concerns the counterclaim asserted by Hameister and Corey (hereinafter defendants, although they are plaintiffs on the counterclaim) against Liskiewicz (hereinafter plaintiff, although she is defendant on the counterclaim). The counterclaim is unusual in that it seeks contribution from plaintiff toward any liability that defendants might incur to Diane Maggio in the related action.[1] Plaintiff moves to dismiss the counterclaim for failure to state a cause of action. Alternatively, plaintiff seeks an order granting her leave to amend her reply[2] to the counterclaim to state nine affirmative defenses thereto. The motion is opposed by defendants. On the basis of the parties' submissions, this court renders the following determinations:

Although a claim over for contribution is usually pressed in the form of a third-party claim or a cross claim within the action in which the liability of the impleading or cross-claiming defendant is to be determined (or, less commonly, in the form of a separate or stand-alone impleader action), there is no reason why the instant claim over for contribution cannot be pursued

---

1. Contrary to plaintiff's characterization of it, the counterclaim is not "made on behalf of Diane Maggio, a person who is not a party to the" instant action; rather the counterclaim is interposed by and on behalf of the instant defendants. Plaintiff is similarly wrong in asserting that the counterclaim is for "someone else's injuries," i.e., those of Maggio, "who is not a [counterclaimant] in the" instant action. The counterclaim-alleged "injuries," of course, are those of defendants and consist of their potential or contingent or hypothetical (*see* CPLR 3014) "excess" liability (to Maggio) for alleged damages to which plaintiff, by her allegedly negligent operation of her vehicle, allegedly contributed.

2. The original reply to the counterclaim was drafted and served by the attorney retained to prosecute plaintiff's personal injury claim. Plaintiff is now represented as defendant on the counterclaim by insurer-retained counsel, who drafted the proposed amended reply.

against plaintiff in an action commenced by plaintiff (as opposed to by Maggio). CPLR 1401 makes clear that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them *whether or not an action has been brought* or a judgment has been rendered *against the person from whom contribution is sought*" (emphasis supplied). Thus, that statute, in conjunction with a rule of practice that allows for a "separate" (i.e., a nonjoined or nonconsolidated) action for contribution (*see* CPLR 1403), makes clear that a contribution claim need not be made in the same action in which the primary (or pass-through) liability of the impleading party is to be established. Further, CPLR 1403, which is entitled "How contribution claimed," explicitly provides that a "cause of action for contribution may be asserted in a separate action or by cross-claim, *counterclaim* or third-party claim *in a pending action*," without specifying that the pending action must be the same one in which the primary (or pass-through) liability of the counterclaiming defendant is to be established.

Concerning a party's capacity or standing to prosecute the claim over for contribution as a counterclaim, including in an action other than the one in which the contribution-claiming defendant's liability is to be established, CPLR 3019 (a), which governs the "[s]ubject of counterclaims," simply provides that a "counterclaim may be *any cause of action* in favor of one or more defendants . . . against one or more plaintiffs" (emphasis supplied). It is thus a long-standing principle of New York practice that a counterclaim need not arise out of the same transactions or occurrences as the main claim (although, here, the subject counterclaim does in fact arise out of the same motor vehicle accident as the main claim) (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:1). The real point of the aforementioned rule, however, is that defendants may, in the context of the instant action, assert even an unrelated liability of plaintiff to defendants (i.e., a liability to contribute to the payment of damages for Maggio's injuries) as a counter[3] to the claim seeking to impose liability upon defendants for plaintiff's injuries. Therefore, there is no

---

**3.** The court hastens to point out, however, that statutory mandates of financial responsibility for damages arising out of negligence in the permissive use or operation of a motor vehicle (*see* Vehicle and Traffic Law § 310 [1]; § 311 [3]; §§ 319, 388 [1]; Insurance Law § 5104 [a]) would preclude defendants from asserting or using plaintiff's (presumably insured) liability for con-

prohibition against defendants' seeking contribution from plaintiff, including by means of a counterclaim in the instant action, for any liability incurred by defendants in the parallel action. Such a counterclaim states a viable claim for relief under New York law and, contrary to plaintiff's contention, defendants do not lack standing to seek such contribution from plaintiff, whether in the context of the instant action or otherwise (*see* CPLR 3211 [a] [3], [7]). In any case, whatever procedural anomaly might potentially exist here could easily be eliminated by the stipulated or court-ordered consolidation or joinder for trial of the two related actions,[4] the effect of which would be to essentially transmute defendants' counterclaim against plaintiff into a more conventional third-party claim. In any event, whether or not a consolidation or joint trial is agreed to or ordered, the court(s) in which the action(s) is (are) pending should have no difficulty in resolving the various claims or issues—including the extent, if any, of plaintiff's obligation to contribute to any award of damages to her passenger, Maggio—in their logical sequence.

The case of *Moreno v Galdorisi* (39 AD2d 450 [2d Dept 1972]) is slightly distinguishable from this matter but nevertheless sufficiently analogous to this one in its procedural context to support the result reached herein. There, following a two-car accident, a married couple sued (the husband derivatively) for damages for the injuries of the wife, a passenger. The defendants, the owner and driver of the second vehicle, counterclaimed against the plaintiff husband, the driver of the first, for contribution toward any liability that the defendants might bear for the injuries of plaintiff wife. The Second Department saw

> "no defect in the procedural method employed by the defendants in seeking a determination of culpability and apportionment of damages, i.e., by way of counterclaim against [Mr.] Moreno. If Mr. Moreno were not a plaintiff in this action, the defendants would have a right under *Dole* to commence a third-party action against him as a joint or concurrent tort-feasor. On the other hand, since the plaintiff wife has not chosen to join her husband as a codefendant, a cross claim by the defendants

tribution towards Maggio's damages as an offset to defendants' (presumably insured) liability for damages for plaintiff's injuries.

4. Plaintiff seems to concede as much insofar as she argues that the lack of consolidation of the two actions thus far should lead to a dismissal of the counterclaim for failure to state a cause of action.

against him would not lie. Under these circumstances we deem it procedurally proper and feasible to assert and invoke the right of [contribution] by counterclaim ([*see*] *Sorrentino v. United States*, 344 F. Supp. 1308 . . . )" (*Moreno*, 39 AD2d at 452; *see also Matter of Tierney v State of New York*, 55 AD2d 158, 163 [4th Dept 1976]; *Katz v Dykes*, 41 AD2d 913, 914 [1st Dept 1973]).

This court does not take issue with the result reached in *Hanover Ins. Co. v Alisa Constr. Co., Inc.* (14 Misc 3d 864 [Sup Ct, Kings County 2007]). However, this court feels constrained to point out that, in ruling that a counterclaim for contribution may be asserted only "when there is more than one plaintiff," the court in that case dealt with the completely distinguishable situation in which there was no second allegedly injured party (whether suing jointly with or separately from the plaintiff against whom the counterclaim was pleaded) and in which the counterclaim for contribution was, in that particular context, entirely duplicative of an affirmative defense alleging the plaintiff's comparative fault (*Hanover Ins. Co.*, 14 Misc 3d at 867).

Turning to plaintiff's alternative request for relief, the court finds it generally appropriate to grant plaintiff leave to serve an amended reply to the counterclaim. The court does so on the grounds that leave to amend is to be "freely given" (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983], quoting CPLR 3025 [b]) and that plaintiff is newly represented by insurer-provided counsel in her capacity or status as the defendant on the counterclaim. When she served her original reply to the counterclaim, in contrast, she was represented only by the attorney retained to prosecute her personal injury claim.[5] However, it is well settled that a motion to amend should not be granted to the extent that the subject matter of the amended pleading is patently without merit (*see ARG Trucking Corp. v Amerimart Dev. Co.*, 302 AD2d 876, 877-878 [4th Dept 2003]; *Nahrebeski v Molnar*, 286 AD2d 891, 891-892 [4th Dept 2001]; *Letterman v Reddington*, 278 AD2d 868 [4th Dept 2000]).

Upon examining the proposed amended reply, the court will withhold leave for plaintiff to amend her reply to assert her

---

5. The original counsel retained by plaintiff of course remains involved in the case, continuing to represent plaintiff on her claim for personal injury. Thus, contrary to defendants' contentions, no substitution of counsel was required here, and *plaintiff* does not lack standing to interpose *her* amended reply merely because that amended reply was drafted by her insurer-provided counsel.

proposed fifth affirmative defense, which alleges the court's lack of personal jurisdiction over plaintiff by dint of defendants' failure to serve a summons upon her. It is the court's understanding that interposition of a counterclaim against the sole plaintiff in the action need not be accompanied by the service of a summons, for the simple reason that there is no new party being summoned to court (*see* Siegel, NY Prac § 58, at 83 [4th ed] ["The plaintiff submits to the court's jurisdiction when she invokes it by suing. Other parties must be brought within it" by being served with process]; *cf.* CPLR 1007, 3019 [d]). Similarly, the court withholds leave for plaintiff to amend her reply to assert her proposed sixth affirmative defense, which alleges that the counterclaim is barred by the statute of limitations. Inasmuch as the counterclaim seeks relief in the nature of contribution, the statute of limitations, which is six years, would not begin to run until the primary liability is paid (*see Tavernier v Toner*, 155 AD2d 948 [4th Dept 1989]; *Allen v Town of Hempstead*, 145 AD2d 588, 589 [2d Dept 1988]; *Blum v Good Humor Corp.*, 57 AD2d 911 [2d Dept 1977]; *see also State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88-89 [1984]; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49, 54-56 [1978]; *see generally* CPLR 213). In any event, for limitations purposes, the interposition of the counterclaim here relates back to the time of commencement of the action (*see* CPLR 203 [d]).

Accordingly, plaintiff's motion to dismiss the counterclaim for failure to state a cause of action is denied.

Plaintiff's alternative request for leave to amend her reply to the counterclaim is granted in part and denied in part, as set out hereinabove.